THE STATE, EX REL. GMS MANAGEMENT COMPANY, INC., *v.* CALLAHAN, JUDGE, ET AL.

[Cite as State, ex rel. GMS Management Co., *v.* Callahan  (1989), 45 Ohio St. 3d 51.]

(No. 88-385—Submitted April 11, 1989—Decided August 16, 1989.)

*Paul M. Greenberger,* for relator.

*B. Lawrence Allen,* director of law, for respondents.

HOLMES, J. The key issue presented in this case concerns whether GMS is entitled to have a writ in mandamus issue from this court to compel the Willoughby Municipal Court to proceed with future forcible entry and detainer actions in a summary fashion by entering a "general judgment" pursuant to R.C. 1923.09[1] rather than Civ. R. 52,[2] which provides that *upon request* the trial court shall enter findings of fact and conclusions of law as part of the record. Also, we will address whether it was proper for Judge Callahan to have delayed the entry of judgment while preparing findings of fact and conclusions of law *sua sponte* in the underlying forcible entry and detainer proceeding.

As a threshold matter, however, we address respondents' motion to dismiss. Although respondents' motion to dismiss does not so state specifically, it appears that the motion to dismiss is styled as a Civ. R. 12(B)(6) motion to dismiss for failure to state a claim upon which relief can be granted. In essence, respondents assert that a duplicate lawsuit involving the same issues as this case has been filed by GMS in *State, ex rel. GMS Management Co.,* v. *Callahan,* Lake App. No. 13-017, filed November 17, 1987, and is currently pending. Additionally, the respondents claim this case is moot since the trial court entered a final judgment in the underlying forcible entry and detainer action in *GMS Management Co.* v. *MacChesney* (Feb. 29, 1988), Willoughby M.C. No. 88 CVG 00123, unreported.

In *O'Brien* v. *Univ. Community*

---

[1] R.C. 1923.09 provides:

"If an action under this chapter is not continued, the place of trial is not changed, and neither party demands a jury on the return day of the summons, a judge of the court shall try the cause. After hearing the evidence, if he concludes that the complaint is not true, he shall enter judgment against the plaintiff for costs. If he finds the complaint to be true, he shall render a general judgment against the defendant, in favor of the plaintiff, for restitution of the premises and costs of suit. If the judge finds the complaint true in part, he shall render a judgment for restitution of such part only, and the cost shall be taxed as he deems just."

[2] Civ. R. 52 provides in pertinent part:

"When questions of fact are tried by the court without a jury, judgment may be general for the prevailing party unless one of the parties in writing or orally in open court requests otherwise before the journal entry of a final order, judgment, or decree has been approved by the court in writing and filed with the clerk of the court for journalization, or not later than seven days after the party filing the request has been given notice of the court's announcement of its decision, whichever is later, in which case, the court shall state in writing the conclusions of fact found separately from the conclusions of law.

"When a request for findings of fact and conclusions of law is made, the court, in its discretion, may require any or all of the parties to submit proposed findings of fact and conclusions of law; however, only those findings of fact and conclusions of law made by the court shall form part of the record."

It is interesting to note that the term "conclusions of fact" as used in the first paragraph of this rule is apparently the only instance of such usage throughout all of the Civil Rules. Undoubtedly, this was a typographic error which should have read "findings of fact."

*Tenants Union* (1975), 42 Ohio St. 2d 242, 71 O.O. 2d 223, 327 N.E. 2d 753, syllabus, this court held:

"In order for a court to dismiss a complaint for failure to state a claim upon which relief can be granted (Civ. R. 12(B)(6)), it must appear beyond doubt from the complaint that the plaintiff can prove no set of facts entitling him to recovery. (*Conley* v. *Gibson*, 355 U.S. 41, followed.)"

After reviewing the complaint submitted by GMS we cannot reasonably conclude beyond doubt that the complaint fails to state a claim upon which relief can be granted.

The case which respondents contend has the same issues as the one at bar is still pending before the Lake County Court of Appeals. We note that the underlying case before us is against a party other than the ones present in the underlying case before the court of appeals. Specifically, the underlying forcible entry and detainer actions in both cases are against different tenants.[3] Also, this court has held "[t]he sole fact that an action is pending in an inferior court of this state does not, *ipso facto*, deprive this court of jurisdiction to hear and decide a complaint in mandamus." *State, ex rel. Tulley,* v. *Brown* (1972), 29 Ohio St. 2d 235, 237, 58 O.O. 2d 489, 490, 281 N.E. 2d 187, 189 (where an action is pending in a common pleas court, the Supreme Court may exercise jurisdiction); cf. *State, ex rel. First Natl. Bank,* v. *Botkins* (1943), 141 Ohio St. 437, 25 O.O. 576, 48 N.E. 2d 865. Therefore, the fact that a similar action is pending in the court of appeals does not preclude this court from exercising jurisdiction.

The respondents urge this court to dismiss this case for mootness since the underlying action has already been decided on the merits. However, we held in *State, ex rel. Plain Dealer Publishing Co.,* v. *Barnes* (1988), 38 Ohio St. 3d 165, 527 N.E. 2d 807, paragraph one of the syllabus, that even though a case may be moot, a court may still "hear the [case] where the issues raised are 'capable of repetition, yet evading review.'" See, also, *State, ex rel. The Repository,* v. *Unger* (1986), 28 Ohio St. 3d 418, 420, 28 OBR 472, 474, 504 N.E. 2d 37, 39; *Globe Newspaper Co.* v. *Superior Court* (1982), 457 U.S. 596, 602-603; *Southern Pacific Terminal Co.* v. *ICC* (1911), 219 U.S. 498, 514-516; *State, ex rel. Beacon Journal Publishing Co.,* v. *Kainrad* (1976), 46 Ohio St. 2d 349, 351, 75 O.O. 2d 435, 436, 348 N.E. 2d 695, 696. In *State, ex rel. Plain Dealer Publishing Co.,* the relator's reporter was barred from attending a meeting of the city council and mayor. The meeting had concluded before the case could be decided on the merits by any court. Therefore, the council could meet and bar individuals from attending meetings periodically without having to change its practice. Consequently, the issue before the court in *State, ex rel. Plain Dealer Publishing Co.* was "capable of repetition, yet evading review." We conclude that the issue presented here is one that is "capable of repetition, yet evading review." We realize that allowing cases to reach this court in this manner is unusual;

---

[3] In the present case the tenant in the underlying forcible entry and detainer proceeding is Deborah MacChesney, whereas in the case before the court of appeals in *State, ex rel. GMS Management Co.,* v. *Cal-* *lahan,* Lake App. No. 13-017, filed November 17, 1987, the underlying forcible entry and detainer proceedings are against Anthony L. Iacofano et al. and Gary Pishek.

however, we feel that these types of issues should be addressed, to more fully accomplish the aims of justice. Therefore, for the reasons stated above and under the rationale of *State, ex rel. Plain Dealer Publishing Co.*, we must overrule respondents' motion to dismiss.

It is contended by GMS that a writ of mandamus should be issued due to certain evidence of delay between hearings and the rendering of general judgments by the Willoughby Municipal Court in forcible entry and detainer proceedings. Additionally, GMS claims, in essence, that the Willoughby Municipal Court judges should not delay the proceedings by preparing unsolicited findings of fact and conclusions of law. GMS asserts that the Willoughby Municipal Court trial judges should follow R.C. 1923.09, rather than Civ. R. 52, in rendering general judgments in forcible entry and detainer proceedings. Lastly, GMS contends that forcible entry and detainer actions in the Willoughby Municipal Court should not be delayed or continued beyond eight days unless there is compliance with the bond requirement of R.C. 1923.08.[4]

In addressing the issue of when mandamus is an appropriate remedy, this court has held that, "[i]n order for the extraordinary writ of mandamus to issue, a court must find that the relator has a clear legal right to the relief prayed for, that the respondent is under a clear legal duty to perform the requested act, and that relator has no plain and adequate remedy at law." *Freshour* v. *Radcliff* (1988), 35 Ohio St.

3d 181, 182, 519 N.E. 2d 395, 396, citing *State, ex rel. Westchester*, v. *Bacon* (1980), 61 Ohio St. 2d 42, 15 O.O. 3d 53, 399 N.E. 2d 81, paragraph one of the syllabus; see, generally, *The Chapel* v. *Solon* (1988), 40 Ohio St. 3d 3, 530 N.E. 2d 1321; *State, ex rel. Berger*, v. *McMonagle* (1983), 6 Ohio St. 3d 28, 29, 6 OBR 50, 51, 451 N.E. 2d 225, 226; *State, ex rel. Harris*, v. *Rhodes* (1978), 54 Ohio St. 2d 41, 8 O.O. 3d 36, 374 N.E. 2d 641. In the present case GMS has made sufficient allegations that, if found to be true, entitle it to relief. Also, the respondents are under a clear legal duty to perform the requested acts, namely, render judgments in forcible entry and detainer proceedings. And finally, GMS and others similarly situated lack an adequate remedy at law if the respondents unreasonably delay their submission of judgment entries in order to prepare findings of fact and conclusions of law. Therefore, the writ of mandamus is the appropriate remedy for GMS to employ if the underlying facts support its assertions.

Generally, the Civil Rules govern procedure in Ohio courts, and prevail over conflicting statutes. Section (5)(B), Article IV, Ohio Constitution. However, Civ. R. 1(C)(3) states that the Civil Rules do not apply in forcible entry and detainer proceedings "to the extent that they would by their nature be clearly inapplicable." This court has stated that "[f]orcible entry and detainer, as authorized in R.C. Chapter 1923, is a *summary proceeding* in which 'any judge of a county court' may make inquiry into disputes be-

---

[4] R.C. 1923.08 provides that:

"No continuance in an action under this chapter shall be granted for a period longer than eight days, unless the plaintiff applies for the continuance and the defendant consents to it, or unless the defendant applies for the continuance and gives a bond to the plaintiff, with good and sufficient surety, that is approved by the court and conditioned for the payment of rent that may accrue, if judgment is rendered against the defendant."

tween landlords and tenants, and, where appropriate, order restitution of the premises to the landlord." (Emphasis added and footnote omitted.) *Cuyahoga Metro. Housing Auth.* v. *Jackson* (1981), 67 Ohio St. 2d 129, 130, 21 O.O. 3d 81, 82, 423 N.E. 2d 177, 178. Also, "[g]iven its summary nature, the drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy." *Jackson, supra,* at 131, 21 O.O. 3d at 83, 423 N.E. 2d at 179. The underlying purpose behind the forcible entry and detainer action " 'is to provide a summary, extraordinary, and speedy method for the recovery of [the] possession of real estate in the cases especially enumerated by statute.' " *Jackson, supra,* quoting from 24 Ohio Jurisprudence 2d (1957) 454, 455, Forcible Entry and Detainer, Section 2; see, also, *State, ex rel. Carpenter,* v. *Court* (1980), 61 Ohio St. 2d 208, 210, 15 O.O. 3d 225, 226, 400 N.E. 2d 391, 393. Further, " '[t]he Civil Rules will * * * be inapplicable if their application would frustrate the purpose of the [forcible entry and detainer] proceeding.' " *Larson* v. *Umoh* (1986), 33 Ohio App. 3d 14, 16, 514 N.E. 2d 145, 147, quoting from *Siegler* v. *Batdorff* (1979), 63 Ohio App. 2d 76, 80, 17 O.O. 3d 260, 262, 408 N.E. 2d 1383, 1386; see, also, *State, ex rel. Ohio Civil Rights Comm.,* v. *Gunn* (1976), 45 Ohio St. 2d 262, 266, 74 O.O. 2d 422, 424-425, 344 N.E. 2d 327, 329-330.

In the case *sub judice* Judge Callahan apparently acted *sua sponte* in postponing his decision for nineteen days in order to prepare findings of fact and conclusions of law. Additionally, relator submitted evidence which tended to show somewhat of a pattern in the Willoughby Municipal Court whereby the filing of judgment entries was apparently delayed for varying lengths of time in forcible entry and detainer proceedings.

In light of the summary nature of forcible entry and detainer proceedings pursuant to R.C. Chapter 1923, there should, as a general rule, be no necessity for trial judges to delay their judgments while developing findings of fact and conclusions of law pursuant to Civ. R. 52. Accordingly, we hold that Civ. R. 52 is inapplicable to forcible entry and detainer proceedings on the authority of Civ. R. 1(C). In forcible entry and detainer proceedings a trial judge may, however, prepare findings of fact and conclusions of law *sua sponte* within a reasonable time after a hearing on the merits. In such a proceeding, we hold that a reasonable time would be seven working days after a hearing. The bond requirement under R.C. 1923.08 would not be applicable when judges, as set forth herein, take matters under advisement *sua sponte* in forcible entry and detainer proceedings.

In addressing the relator's request for prohibition we find no argument in the briefs submitted to support the relief prayed for and, therefore, find it without merit.

Accordingly, for the reasons set forth in this opinion, we order Judge Callahan and all acting, assigned or sitting judges of the Willoughby Municipal Court to proceed henceforth to judgment in a summary fashion in forcible entry and detainer proceedings pursuant to R.C. Chapter 1923, and hold that, only when found to be necessary, findings of fact and conclusions of law may be entered *sua sponte* within a period of seven working days after a hearing on the merits.

*Writ of mandamus allowed.*
*Writ of prohibition denied.*

56

MOYER, C.J., SWEENEY and WRIGHT, JJ., concur.

DOUGLAS, J., concurs in paragraph one of the syllabus and in the judgment.

H. BROWN and RESNICK, JJ., dissent.

ALICE ROBIE RESNICK, J., dissenting. I dissent from the majority's consideration of this case on the merits since a decision was entered thus rendering this action moot. I would, therefore, dismiss the petition for a writ of mandamus.

H. BROWN, J., concurs in the foregoing dissenting opinion.