[Cite as *State ex rel. GMS Mgt., Co., Inc. v. Lazzaro*, 2012-Ohio-3961.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 97875

---

## STATE EX REL.
## GMS MANAGEMENT CO., INC.

### RELATOR

vs.

## MAGISTRATE S. ROBERT LAZZARO, JR.
## AND JUDGE MARK COMSTOCK

### RESPONDENTS

---

## JUDGMENT:
## WRIT DENIED

---

Writ of Mandamus
Motion No. 453848
Order No. 456575

**RELEASE DATE:** August 24, 2012

**ATTORNEY FOR RELATOR**

Paul M. Greenberger
Berns, Ockner & Greenberger, LLC
3733 Park East Drive
Suite 200
Beachwood, Ohio 44122


**ATTORNEY FOR RESPONDENT**

James N. Walters, III
Director of Law for the city of Berea
11 Berea Commons
Berea, Ohio 44017-0297

LARRY A. JONES, SR., J.:

{¶1} On January 26, 2012, the relator, GMS Management Co., Inc., ("GMS") commenced this mandamus action against the respondents, Magistrate S. Robert Lazzaro and Judge Mark Comstock, Jr., of the Berea Municipal Court, to compel them to not apply Civ.R. 6(A) to the three-day notices for forcible entry and detainer actions under R.C. Chapter 1923.04. On April 3, 2012, GMS moved for summary judgment, and the respondents never filed a brief in opposition. Nevertheless, for the following reasons, this court denies GMS's motion for summary judgment and denies the application for a writ of mandamus.

{¶2} In its complaint, GMS avers that it is a landlord that manages 528 residential suites within the jurisdiction of the Berea Municipal Court. R.C. Chapter 1923.04(A) requires a party desiring to commence a forcible entry and detainer action to notify the adverse party to leave the premises three or more days before beginning the action. In the underlying case, Berea M.C. No. 11 CVG 02425, GMS served this three-day notice on Wednesday, October 5, 2011. On Tuesday, October 11, 2011, GMS commenced the eviction action. The tenant moved to dismiss on the grounds that GMS did not fulfill the three-day notice requirement. Civ.R. 6(A) provides in pertinent part as follows: "When the period of time prescribed or allowed is less than seven days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation." The tenant argued that pursuant to Civ.R. 6(A) the intermediate Saturday, Sunday, and Columbus Day, Monday October 10, 2011, did not count toward fulfilling the three-day

notice. Thus, GMS prematurely commenced the eviction on the third day, Tuesday, October 11, 2011. The respondents found merit in this argument and dismissed the underlying eviction action. GMS did not appeal this ruling, but successfully obtained judgment and possession in a second eviction action, Berea M.C. No. 11 CVG 02613, in November 2011.

{¶3} GMS's position is that the respondents improperly applied the exclusion clause of Civ.R. 6(A) to the underlying forcible entry and detainer action. It commenced this mandamus action to prevent such a ruling again.

{¶4} The requisites for mandamus are well established: (1) the relator must have a clear legal right to the requested relief, (2) the respondent must have a clear legal duty to perform the requested relief, and (3) there must be no adequate remedy at law. *State ex rel. Ney v. Niehaus*, 33 Ohio St.3d 118, 515 N.E.2d 914 (1987). Mandamus is not a substitute for appeal. *State ex rel. Keenan v. Calabrese*, 69 Ohio St.3d 176, 631 N.E.2d 119 (1994); *State ex rel. Daggett v. Gessaman*, 34 Ohio St.2d 55, 295 N.E.2d 659 (1973); and *State ex rel. Pressley v. Indus. Comm. of Ohio*, 11 Ohio St.2d 141, 228 N.E.2d 631 (1967), paragraph three of the syllabus. Furthermore, if the relator had an adequate remedy, regardless of whether it was used, relief in mandamus is precluded. *State ex rel. Tran v. McGrath*, 78 Ohio St.3d 45, 676 N.E.2d 108 (1997); and *State ex rel. Boardwalk Shopping Ctr., Inc. v. Court of Appeals for Cuyahoga Cty.*, 56 Ohio St.3d 33, 564 N.E.2d 86 (1990). Moreover, mandamus is an extraordinary remedy that is to be exercised with caution and only when the right is clear. It should not issue in doubtful cases. *State ex rel. Taylor v. Glasser*, 50 Ohio St.2d 165, 364 N.E.2d 1 (1977); *State ex rel. Shafer v.*

*Ohio Turnpike Comm.*, 159 Ohio St. 581, 113 N.E.2d 14 (1953); and *State ex rel. Connole v. Cleveland Bd. of Edn.*, 87 Ohio App.3d 43, 621 N.E.2d 850 (8th Dist. 1993).

{¶5} Additionally, the court has discretion in issuing the writ. In *Pressley*, *supra,* paragraph seven of the syllabus, the Supreme Court of Ohio ruled that "in considering the allowance or denial of the writ of mandamus on the merits, [the court] will exercise sound, legal and judicial discretion based upon all the facts and circumstances in the individual case and the justice to be done." The court elaborated that in exercising that discretion the court should consider "the exigency which calls for the exercise of such discretion, the nature and extent of the wrong or injury which would follow a refusal of the writ, and other facts which have a bearing on the particular case." 11 Ohio St.2d at 161. *State ex rel. Bennett v. Lime*, 55 Ohio St.2d 62, 378 N.E.2d 152 (1978).

{¶6} GMS makes a strong argument that the exclusion clause of Civ.R. 6(A) should not be applied to the three-day notice required by R.C. Chapter 1923.04(A). The purpose of the forcible entry and detainer act is to provide a summary, extraordinary, and speedy remedy for the recovery of possession of real property. Applying Civ.R. 6(A)'s exclusion clause frustrates the purpose of the statute by undermining the statute's permission to commence suit after three days. As GMS argues, unless the three-day notice were to be served on Monday, it would be impossible to commence the action until the next week and the addition of several extra days not contemplated by R.C. Chapter 1923. Indeed, Civ.R. 1(C)(3) exempts the application of the Civil Rules to forcible entry and detainer actions to the extent that they would by their nature be clearly inapplicable.

{¶7} Furthermore, Ohio courts have agreed with this position. In *Willis v.*

*Thibault*, 3d Dist. No. 9-87-47, 1989 WL 83816 (July 31, 1989), the landlord served the three-day notice on a Saturday and commenced the eviction action on Wednesday. The tenant argued that the landlord had prematurely commenced the action, but the trial court found for the landlord. On the tenant's appeal, the court of appeals ruled "that Civ.R. 6(A) is inapplicable." It reasoned that, under Civ.R. 1(C)(3), the delay caused by Civ.R. 6(A) is inconsistent with the speedy remedy R.C. Chapter 1923 is supposed to provide; thus, the rule is clearly inapplicable to eviction actions. Forcible entry and detainer is a special remedy that should not be encrusted with time-consuming procedures that would destroy its efficacy.

{¶8} The Second District followed *Willis* in *Fed. Property Mgt. v. Daugherty*, 2d Dist. No. 12591, 1991 WL 116640 (June 29, 1991). It ruled that R.C. Chapter 1923 actions for restitution are summary proceedings and the Civil Rules, especially Civ.R. 6(A), are clearly inapplicable, as contemplated by Civ.R. 1(C)(3). In *Wodzisz v. Bayes*, 10th Dist. No. 96APE07-891, 1997 WL 142715 (Mar. 25, 1997), the court of appeals agreed that Civ.R. 6(A) is not applicable to eviction proceedings.

{¶9} GMS also relies heavily on *State ex rel. GMS Mgt. Co. v. Callahan*, 45 Ohio St.3d 51, 543 N.E.2d 483 (1989). In that case, GMS on January 21, 1988, filed a forcible entry and detainer action against a tenant in Willoughby Municipal Court, which held a hearing on February 10, 1988. When the respondent judge had not yet issued a ruling by February 26, 1988, GMS commenced the mandamus action in the Supreme Court of Ohio to compel the judge to proceed in a timely fashion. On February 29, 1988, the respondent judge rendered judgment in favor of the tenant and issued findings

of fact and conclusions of law. Nevertheless, the Supreme Court of Ohio issued an alternative writ, and the respondent judge replied that the matter was moot and that GMS had an adequate remedy at law by way of appeal. Approximately a year later, the respondent judge moved to dismiss because the case was moot and because a writ was not an appropriate remedy to control future actions of a court.

{¶10} Nonetheless, the Supreme Court of Ohio decided to resolve whether the Willoughby Municipal Court should proceed in future forcible entry and detainer actions in a summary fashion pursuant to R.C. Chapter 1923.09, rather than Civ.R. 52. The court admitted that this method was unusual; "however, we feel that these types of issues should be addressed, to more fully accomplish the aims of justice." 45 Ohio St.3d at 54.[1] It ruled that the matter was not moot because the issue was capable of repetition, yet evading review. The court also held that landlords lacked "an adequate remedy at law if the respondents unreasonably delay the submission of judgment entries in order to prepare findings of fact and conclusions of law." *Id.* Therefore, the Supreme Court of Ohio ruled that Civ.R. 52, pursuant to Civ.R. 1(C)(3), was inapplicable to forcible entry and detainer actions because such actions are summary proceedings and should not be weighed down with time-consuming procedures.

{¶11} From *GMS v. Callahan*, GMS argues that this mandamus action is the appropriate remedy for ruling that the exclusion clause of Civ.R. 6(A) is not applicable

---

[1]In other words, the Supreme Court of Ohio decided to exercise its inherent discretion to issue the writ of mandamus in *Callahan. State ex rel. Davis v. Cleary*, 77 Ohio App.3d 494, 602 N.E.2d 1183, fn. 3 (8th Dist. 1991).

to the summary procedures for a forcible entry and detainer action. The adding of additional days is contrary to the speedy relief intended by R.C. Chapter 1923, and thus clearly inapplicable. Moreover, despite the fact that the underlying case has been resolved in GMS's favor, the issue is not moot because it is capable of repetition, yet evading review. Most importantly, GMS continues, an appeal is not an adequate remedy at law because a remedy should be complete in its nature, beneficial and speedy. *State ex rel. Libery Mills v. Locker*, 22 Ohio St.3d 102, 488 N.E.2d 883 (1986). An appeal cannot be an adequate remedy to resolve this issue because the landlord, as in this case, can always obtain a judgment in a second forcible entry and detainer action much sooner than obtain a ruling in an appeal. Indeed, an appeal would frustrate the speedy remedy intended by R.C. Chapter 1923. Thus, an appeal would not be a beneficial, complete and speedy remedy. Accordingly, GMS submits that this court should issue the writ of mandamus to control future forcible entry and detainer actions before the respondents so that they do not apply the exclusion clause of Civ.R. 6(A) to the three-day notice provisions of R.C. Chapter 1923.04(A).[2]

{¶12} However, these arguments are not persuasive. First, appeal is an adequate remedy at law. In the three Ohio cases — *Wodzisz, Fed. Property Mgt.,* and *Willis* — upon which GMS relies to establish the principle that Civ.R. 6(A) does not apply to

---

[2]GMS also argues that because the three-day notice is a jurisdictional prerequisite, applying the exclusion clause of Civ.R. 6(A) violates Civ.R. 82, which provides: "These rules shall not be construed to extend or limit the jurisdiction of the courts of this state." Regardless of how phrased, the issues in this case are whether mandamus is the proper remedy to declare Civ.R. 6(A) inapplicable to forcible entry and detainer actions and whether Civ.R. 6(A) is inapplicable to such actions.

eviction actions, the courts of appeals decided the issue on appeal, not through an extraordinary writ. Similarly, in the Washington state case, *Christensen v. Ellsworth*, 162 Wash.2d 365, 173 P.3d 228 (2007), on which GMS also relies, the landlord obtained the desired relief, a ruling that Washington's exclusion rule did not apply to eviction actions, through appeal to the Supreme Court of Washington.

{¶13} Furthermore, when a process of appeal is available,

> the sole fact that pursuing such process would encompass more delay and inconvenience than seeking a writ of mandamus is insufficient to prevent the process for constituting a plain and adequate remedy in the ordinary course of the law.

*State ex rel. Willis v. Sheboy,* 6 Ohio St.3d 167, 451 N.E.2d 1200 (1983), paragraph one of the syllabus. Thus, mandamus is precluded because GMS had or has an adequate remedy at law.

{¶14} Additionally, this court concludes that this matter is not a justiciable controversy to be decided through mandamus at this time. In *GMS v. Callahan*, GMS commenced the mandamus action while the respondents were "sitting" on the case. However, GMS brought this present mandamus action three months after the respondents had dismissed the underlying case and two months after it had obtained possession of the property. GMS is seeking prospective relief, in essence a declaratory judgment that Civ.R. 6(A) does not apply to forcible entry and detainer actions, even if the request is carefully phrased in terms of mandamus.

{¶15} If the allegations in a mandamus complaint indicate that the real object sought is a declaratory judgment, the complaint does not state a cause of action in

mandamus. The court of appeals does not have jurisdiction over claims for declaratory judgment. *State ex rel. Beane v. Dayton*, 112 Ohio St.3d 553, 2007-Ohio-811, 862 N.E.2d 97.

{¶16} Assuming arguendo that GMS is not seeking a declaratory judgment, but an authentic writ of mandamus, it is still seeking prospective relief. As the Supreme Court of Ohio stated in *State ex rel. Fed. Homes Properties, Inc. v. Singer*, Ohio St.2d 95, 96, 223 N.E.2d 824 (1967), "[t]he function of mandamus is to compel the performance of a present existing duty as to which there is a default. It is not granted to take effect prospectively * * *." *Sheboy,* 6 Ohio St.3d at 168-169 ("mandamus will not lie to compel the issuance of permits to be applied for in the future"). In *State ex rel. Home Care Pharmacy, Inc. v. Creasy*, 67 Ohio St.2d 342, 343, 423 N.E.2d 482 (1981), the court ruled that "mandamus will not lie to remedy the anticipated nonperformance of a duty." Thus, this court declines to issue the extraordinary writ of mandamus to remedy a possible error in the future.

{¶17} Alternatively, this court finds that there is no current case and controversy at stake. In *Cullen v. State ex rel. City of Toledo*, 105 Ohio St. 545, 552, 138 N.E. 58 (1922), the court ruled that the

> function of a court is to render judgment in actual controversies between adverse litigants, to command or restrain specific acts affecting existing rights of parties before the court as distinguished from declaratory judgments affecting possible rights and potential controversies.

This court will not anticipate how the respondents will rule on the issue in the future.

{¶18} Accordingly, this court denies the relator's motion for summary judgment

and denies the application for a writ of mandamus.   Relator to pay costs.   This court directs the Clerk of the Eighth District Court of Appeals to serve upon the parties notice of this judgment and its date of entry upon the journal.   Civ.R. 58(B).

{¶19} Writ denied.

_____

LARRY A. JONES, SR., JUDGE

FRANK D. CELEBREZZE, JR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR