[Cite as *State ex rel. AIY Properties, Inc. v. Scott*, 2023-Ohio-3484.]

## COURT OF APPEALS OF OHIO

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

| | | |
|---|---|---|
| STATE EX REL. AIY PROPERTIES, INC., | : | |
| Relator, | : | |
| | : | No. 113029 |
| v. | : | |
| JUDGE W. MONA SCOTT, ET AL., | : | |
| Respondents. | : | |

JOURNAL ENTRY AND OPINION

**JUDGMENT:** GRANTED IN PART AND DENIED IN PART
**DATED:** September 25, 2023

Writs of Mandamus and Procedendo
Motion No. 566942
Order No. 567870

### *Appearances:*

Sarah S. Graham, *for relator*.

Mark D. Griffin, Cleveland Director of Law, and Gilbert E. Blomgren and James R. Russell, Jr., Assistant Directors of Law, *for respondents*.

EMANUELLA D. GROVES, J.:

{¶ 1} Relator, AIY Properties, Inc. ("AIY"), seeks writs of mandamus, or alternatively, writs of procedendo, directing respondents, Judge Mona Scott and

Magistrate Mark Wiseman, to proceed to judgment in a forcible entry and detainer action ("FE&D") filed by relator in *AIY Properties v. Blaine*, Cleveland M.C. No. 2023-CVG-003825. Relator also seeks orders directing respondents to timely proceed to judgment in future eviction cases, to comply with R.C. 1923.08 by requiring any defendant in a FE&D to post a bond when any continuance is entered in any future FE&D that is greater than eight days, and to prevent respondents from enforcing provisions of a local rule of court. For the reasons that follow, we grant writs of mandamus and procedendo in part and deny in part.

## I. Background

{¶ 2} According to AIY's complaint filed July 28, 2023, this is the seventh original action filed against Judge Scott since September 2022 and the fifth since April 2023. *Shaker House, Ltd. Liab. Co. v. Scott*, 8th Dist. Cuyahoga No. 111952; *State ex rel. Glenville Plaza Holdings, LLC v. Scott*, 8th Dist. Cuyahoga No. 112264; *State ex rel. Shaker Hts. Apts., Owner, LLC v. Scott*, 8th Dist. Cuyahoga No. 112587, 2023-Ohio-1901; *Shaker Hts. Apts. Owner, LLC v. Scott*, 8th Dist. Cuyahoga No. 112769, 2023-Ohio-2589; *Cleveland 2, LLC v. Scott*, 8th Dist. Cuyahoga No. 112961, 2023-Ohio-3066; *AIY Properties, Inc. v. Scott*, 8th Dist. Cuyahoga No. 112962. AIY asserts that respondents have engaged in a pattern and practice of delaying the statutorily expedient procedures for FE&D actions, have failed to require a defendant who requests a continuance beyond eight days to post a bond as required by R.C. 1923.08, and have taken other steps to unnecessarily delay FE&D actions.

{¶ 3} In the underlying FE&D action, *AIY Properties, Inc. v. Blaine*, Cleveland M.C. No. 2023-CVG-003825, AIY asserted that it filed a complaint on April 7, 2023. A hearing was scheduled for May 5, 2023. AIY claimed that at this initial hearing, the defendants sought a continuance so they could obtain counsel. However, the docket attached to AIY's complaint in the present action stated that the case was continued at AIY's request to May 15, 2023. AIY also argued that respondent Wiseman required AIY to submit additional documentation not required by Cleveland Municipal Court rules. AIY asserted that its complaint stated that its rental registration was active and did not expire until March 1, 2024. Despite this, respondent Wiseman required AIY to provide a certificate of rental registration. On June 27, 2023, respondent Wiseman issued an order requiring AIY to provide proof of the current rental registration by July 7, 2023, or the case would be dismissed. AIY filed a certificate of rental registration on June 30, 2023, but according to AIY's complaint, no decision was entered in the action at the time the complaint was filed — almost a month later.

{¶ 4} On August 1, 2023, this court issued an alternative writ, docketed August 2, 2023, directing respondents to proceed to judgment or show cause why this court should not issue peremptory writs of mandamus and procedendo. On August 16, 2023, respondents filed a motion to dismiss. There, respondents alleged that the complaint should be dismissed as moot because Magistrate Wiseman issued a magistrate's decision and Judge Scott adopted the decision, both on August

1, 2023. A writ of restitution was issued on August 2, 2023, and a move-out date was scheduled for August 29, 2023.

{¶ 5} The same day respondents filed their motion to dismiss AIY filed a brief in opposition to the motion. AIY sought a peremptory writ directing respondents to proceed to judgment in a timely manner in FE&D actions in the future, to prevent respondents from enforcing its local rules that require plaintiffs in FE&D actions to submit information not required by the FE&D statutory scheme, and to require respondents to enforce provisions of R.C. 1923.08 that require a defendant to post a bond any time a continuance longer than eight days is granted in an FE&D action.

{¶ 6} On August 24, 2023, respondents filed a reply brief again arguing that AIY's complaint was moot and arguing AIY was seeking writs of mandamus and procedendo on new claims not asserted in the complaint. Respondents reiterated that AIY's complaint should be dismissed as moot. After briefing was complete, AIY filed a notice of continued noncompliance where it alleged that significant delays in at least one other FE&D action continues to occur. Respondents filed a brief in opposition, AIY filed a response brief and amended response brief, and respondents filed a sur-reply brief.

## II. Law and Analysis

### A. Proceeding to Judgment in FE&D Actions

{¶ 7} Writs of mandamus and procedendo are appropriate when a trial court has unduly delayed in rendering judgment in a case. *State ex rel. Culgan v. Collier*, 135 Ohio St.3d 436, 2013-Ohio-1762, 988 N.E.2d 564; *State ex rel. Reynolds*

*v. Basinger*, 99 Ohio St.3d 303, 2003-Ohio-3631, 791 N.E.2d 459. "[A]lthough mandamus will lie in cases of a court's undue delay in entering judgment, procedendo is more appropriate since 'an inferior court's refusal or failure to timely dispose of a pending action is the ill a writ of procedendo is designed to remedy.'" *State ex rel. Dehler v. Sutula*, 74 Ohio St.3d 33, 35, 656 N.E. 332 (1995), quoting *State ex rel. Levin v. Sheffield Lake*, 70 Ohio St.3d 104, 110, 637 N.E.2d 319 (1994). The broader requirements for a writ of mandamus are that the relator has a clear legal right to the requested relief and the respondent has a clear legal duty to provide that relief. *Levin* at 106. Further, the relator must have no other adequate remedy at law in order to obtain extraordinary relief in mandamus. *Id.*

{¶ 8} Respondents argue that the present action is moot because respondents have journalized a final order in the underlying case and attached the order to the motion to dismiss.[1] An action for an extraordinary writ may become moot where relators have been provided all the relief to which they are entitled. *State ex rel. Bechtel v. Cornachio*, 164 Ohio St.3d 579, 2021-Ohio-1121, 174 N.E.3d 744, ¶ 9. Generally, this means that when a court proceeds to judgment, an action for procedendo or mandamus seeking to compel a respondent to proceed to judgment becomes moot. However, the underlying action is a summary, expedited special proceeding that requires accelerated disposition. *Miele v. Ribovich*, 90 Ohio St.3d 439, 441, 739 N.E.2d 333 (2000). In such cases, the Supreme Court of Ohio

---

[1] When deciding questions of mootness, a court is not limited only to the complaint and may consider other evidence, including extrinsic evidence. *State ex rel. Evans v. Mohr*, 155 Ohio St.3d 579, 2018-Ohio-5089, 122 N.E.3d 1240, ¶ 5.

has held that an action is not moot where the challenged delay is capable of repetition yet evades review. *State ex rel. GMS Mgt. Co. v. Callahan*, 45 Ohio St.3d 51, 53, 543 N.E.2d 483 (1989).

{¶ 9} Recently, in two cases this court issued writs of mandamus and procedendo ordering respondents to proceed forthwith and without delay in FE&D actions in the Cleveland Municipal Court. *State ex rel. Cleveland 2, LLC*, 8th Dist. Cuyahoga No. 112961, 2023-Ohio-3066; *State ex rel. Shaker Hts. Apts. Owner, LLC*, 8th Dist. Cuyahoga No. 112769, 2023-Ohio-2589. In these cases, this court rejected the argument that the actions should be dismissed as moot because respondents had entered judgment in favor of the plaintiffs. *Id.* at ¶ 4. After finding a pattern of delay existed in FE&D actions that conflicted with the legislature's intent, this court determined that these actions were not moot pursuant to the precedent established in *Callahan. State ex rel. Cleveland 2, LLC* at ¶ 3; *State ex rel. Shaker Hts. Apts.* at ¶ 15-17.

{¶ 10} Here, we adhere to the prior rulings of this court that found a pattern of delay like that encountered in *Callahan*. Respondents' motion to dismiss does not address the month-long delay between the last filing in the case and the issuance of the magistrate's decision. There was no continuance docketed in the case and no other journal entry or argument in respondents' motion to dismiss that explains why this delay occurred or why such a lengthy delay existed. The Supreme Court of Ohio has held that a reasonable time to issue such a decision is within seven business days following the hearing. *Callahan* at 55. A writ of procedendo or mandamus is

appropriate where a respondent has delayed in proceeding to judgment. That is the case here.

{¶ 11} This court issues peremptory writs of mandamus and procedendo directing respondents to fulfill the legal duties to proceed to judgment in FE&D actions in an expeditious manner consistent with our prior decisions.

**B. Requiring the Posting of Bonds**

{¶ 12} AIY also seeks writs of mandamus and procedendo directing respondents to require defendants in FE&D actions to post a bond any time a continuance longer than eight days is granted. This court declines to do so.

{¶ 13} AIY argues that R.C. 1923.08 requires the posting of a bond whenever a continuance of greater than eight days is entered in an FE&D action. This is an over-expansive reading of the statute. A bond is required only when a defendant, without agreement of the plaintiff, requests and is granted a continuance greater than eight days.

{¶ 14} This court rejected the same argument in *State ex rel. Shaker Hts. Apts. Owner, LLC,* 8th Dist. Cuyahoga No. 112769, 2023-Ohio-2589. Although this court granted writs of mandamus and procedendo directing Judge Scott to expeditiously proceed to judgment in FE&D actions, we declined to issue a writ directing Judge Scott to require a bond for any continuance greater than eight days. *Id.* at ¶ 17, citing *Callahan,* 45 Ohio St.3d 51, 543 N.E.2d 483.

{¶ 15} AIY complains that a ten-day continuance was granted to the defendants in the underlying action on May 5, 2023. However, the docket attached

to AIY's complaint indicates that continuance was at plaintiff's request. AIY alleges in its complaint that the requested continuance was at defendants' request but based on this discrepancy and failure to attempt to correct the accuracy of the reason for the continuance, this court does not find that a writ should issue, and we grant the motion to dismiss regarding this claim. This court is cognizant of the standard employed for motions to dismiss as stated in *O'Brien v. Univ. Community Tenants Union, Inc.*, 42 Ohio St.2d 242, 327 N.E.2d 753 (1975), but the underlying case has come to an end and respondents do not have a clear legal duty to require the posting of bonds in all cases of a continuance longer than eight days. Here, there is no active case or controversy between these parties and AIY has failed to establish by clear and convincing evidence that respondents have a legal duty in all cases.

### C. Enforcement of Local Rules of Court

{¶ 16} AIY further requests writs of mandamus and procedendo regarding the enforcement of provisions of Cleveland Mun. Ct. R. Prac. & P. 3.

{¶ 17} Previously, this court found Cleveland Mun. Ct. R. Prac. & P. 3.015 to be invalid because it conflicted with R.C. Chapter 1923. *Shaker House LLC v. Daniel*, 2022-Ohio-2778, 193 N.E.3d 1159, ¶ 11 (8th Dist.) This court analyzed the substantive versus procedural dichotomy and found that the local rule, which required certain landlords to file certificates related to lead contamination, violated substantive rights bestowed by statute. This court determined that requiring a plaintiff in a FE&D action to present a lead-safe certificate to the court as a prerequisite to obtaining relief was contrary to the FE&D statutory scheme.

However, the decision in *Daniel* did not address or invalidate other local rules of court.

{¶ 18} This court does not pass on the validity of other provisions of the local rules of the Cleveland Municipal Court. AIY seeks, in essence, a declaratory judgment that other provisions of respondents' local rules not addressed in *Daniel* are invalid. Generally, such a ruling may be obtained through an appeal in an action where the rule is implicated or through a declaratory judgment action filed in a common pleas court; not through an abbreviated action for a peremptory writ of mandamus or procedendo. "'[C]hallenges to legislation are generally resolved in an action in a common pleas court rather than in an extraordinary writ action.'" *State ex rel. United Auto., Aerospace & Agricultural Implement Workers of Am. v. Ohio Bur. of Workers' Comp.,* 108 Ohio St.3d 432, 2006-Ohio-1327, 844 N.E.2d 335, ¶ 58, quoting *Rammage v. Saros,* 97 Ohio St.3d 430, 2002-Ohio-6669, 780 N.E.2d 278, ¶ 11; *State ex rel. Jaffal v. Calabrese,* 105 Ohio St.3d 440, 2005-Ohio-2591, 828 N.E.2d 107, ¶ 7. Rules promulgated by courts are similarly subject to declaratory judgment. *See Shimko v. Lobe,* 103 Ohio St.3d 59, 2004-Ohio-4202, 813 N.E.2d 669. R.C. 2721.03 also provides for declaratory judgment where a person's rights are affected by a statute.

{¶ 19} This court declines to address these claims presented in a mandamus action where AIY essentially seeks a declaratory judgment.

{¶ 20} AIY's complaint also seeks an award of attorney fees and costs. AIY has not identified any source of authority for the award of attorney fees in the present action. Therefore, we deny the request.

{¶ 21} In conclusion, we grant writs of mandamus and procedendo and direct respondents to proceed expeditiously with FE&D actions and to resolve these cases without undue delay. We deny AIY's other requests for writs of mandamus and procedendo and deny the request for attorney fees. Respondents' motion to dismiss is granted in part and denied in part. Costs assessed against respondents. The clerk is directed to serve on the parties notice of this judgment and its date of entry upon the journal. Civ.R. 58(B).

{¶ 22} Writs granted in part and denied in part.

*Emanuella D. Groves*

EMANUELLA D. GROVES, JUDGE

EILEEN A. GALLAGHER, P.J., and
MARY EILEEN KILBANE, J., CONCUR