**HOWARD, Plaintiff-Appellee, v. BARNES, Defendant-Appellant.**

Ohio Appeals, Second District, Franklin County.

No. 4857.   Decided November 21, 1952.

Herbert S. Duffy, Thomas J. Duffy, Columbus, for plaintiff-appellee.
John H. Cooper, Columbus, for defendant-appellant.

## OPINION

By THE COURT.

This is a law appeal from the judgment of the Municipal Court of Columbus.  The petition sets forth two causes of action:

(1) Forcible detention;

(2) Rent due.

The record reveals an answer was filed by the defendant which consisted of a general denial and a counterclaim for overcharges dating back to 1947.  After denying generally all the allegations of the petition

the answer continues with some five pages of evidentiary and impertinent allegations, all of which were improper.

At the beginning of the trial the plaintiff moved that the answer be stricken from the files for the aforesaid reasons. This motion was sustained, the Court pointing out that in forcible detention actions an answer is not necessary. Rule 18 of the Municipal Court so provides and this Court so held in the case of **Schmidt v. Hummell, 81 Oh Ap 167.** The record reveals that during the course of the trial the Court permitted testimony to be offered relating to all issues which could be raised by general denial. The Court probably should have ordered the objectionable matter stricken from the answer since one was tendered, but regardless of the merit of the motion the Court's ruling thereon was in no wise prejudicial to any of the defendant's rights.

It is next urged that the Court erred in permitting the plaintiff to amend his petition at bar. This is a matter resting within the sound discretion of the Court and which we find the Court properly exercised. The record discloses that the premises sought consisted of a hotel room, not under rent control, occupied by the defendant at the rate of $3.00 per day, and that the plaintiff complied with all statutory regulations necessary to maintain the action. The defendant admitted possession of the room, and receipt of notice to vacate, but seems to be urging the plaintiff failed to comply with the statutory requirements of filing a schedule of rent with the State Fire Marshal. This statute, §843-18 GC, provides:

"The owner or manager of each hotel shall post in a conspicuous place in each room thereof a card or sign stating the price per day of such room, and shall file with the state fire marshal a diagram or list showing the price of each room in said hotel and no advances shall be made in this schedule, without twenty days' written notice to the state fire marshal."

The record reveals the plaintiff was duly licensed by the State; that in 1947 a schedule rate was filed with the fire marshal and that the rate was posted on this defendant's hotel room door. The rate scheduled with the fire marshal fixed the maximum rent for this room at $3.00 per day. However, when this schedule was filed the rate the defendant was paying was less than the maximum. On March 1, 1952, the defendant's rate was raised to $3.00 per day and she was notified of the increase ten days prior to its going into effect. The appellant urges that since the increased schedule was not filed with the State Fire Marshal, there was a violation of the statute. However, since the new rate did not exceed the maximum scheduled with the State, there could be no necessity to amend the same. We are indeed doubtful as to any benefit that could enure to this defendant in case there had been a violation. However, that question is not now before us.

The record discloses further that the appellant attempted to question the plaintiff's title to the real estate, which the Court properly denied, for the only issue involved was the right of possession. **19 O. Jur. Sec. 10, p. 182.**

We find the Court allowed the defendant a wide latitude in presenting her defense and that no prejudicial matter intervened. The record

clearly supports the plaintiff's judgment for restitution and the amount found to be due. The judgment will be affirmed.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.