[Cite as *Marysville Estates v. Bruce*, 2013-Ohio-4112.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
UNION COUNTY


MARYSVILLE ESTATES,

    PLAINTIFF-APPELLANT,               CASE NO.  14-13-12

    v.

RANDY BRUCE,                       O P I N I O N

    DEFENDANT-APPELLEE.


Appeal from Marysville Municipal Court
Trial Court No. 12 CVG 307

Judgment Reversed and Cause Remanded

Date of Decision:  September 23, 2013


APPEARANCES:

    *Elizabeth J. Birch* for Appellant

    *Randy Bruce*, Appellee

**ROGERS, J.**

{¶1} Although originally placed on our accelerated calendar, we elect, pursuant to Local Rule 12(5), to issue a full opinion in lieu of a judgment entry.

{¶2} Plaintiff-Appellant, Marysville Estates Mobile Home Park ("Marysville Estates"), appeals the judgment of the Marysville Municipal Court, denying its request for a writ of execution. On appeal, Marysville Estates contends that the trial court erred in denying Marysville Estates' request on the bases that it did not pray for such relief in its complaint and did not join the County Treasurer, Auditor, or Prosecuting Attorney to the action. For the reasons that follow, we reverse the trial court's judgment.

{¶3} It is undisputed that Appellee, Randy Bruce, failed to pay rent to Marysville Estates, in violation of his lease. Marysville Estates subsequently filed a complaint for Forcible Entry and Detainer ("FED Complaint") on April 25, 2012 in the Marysville Municipal Court. On May 8, 2012, an eviction hearing was held and the magistrate found in favor of Marysville Estates. The Magistrate's Order stated, "Plaintiff has requested that a writ of execution upon this judgment for restitution of the premises at 31 Spruce Drive, Marysville, Ohio 43040 be issued and delivered to the sheriff, police officer, constable, or bailiff forthwith pursuant to R.C. 1923.13 causing [Bruce] and [Bruce's] goods and chattels to be removed immediately from said premises." (Docket No. 5, p. 2).

{¶4} Once it was clear to Marysville Estates that Bruce had abandoned his mobile home, Marysville Estates filed a motion for a writ of execution on January 22, 2013. The trial court denied Marysville Estates' writ of execution on March 21, 2013 stating that Marysville had not joined the Union County Auditor, Treasurer, and Prosecuting Attorney as necessary parties nor did it pray, in its FED Complaint, for anything other than restitution of the premises.[1] On May 20, 2013, the case was dismissed with prejudice.

{¶5} Marysville Estates then timely appealed this judgment, presenting the following assignments of error for our review.

### Assignment of Error No. I

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S R.C. § 1923.13 POST-EVICTION WRIT OF EXECUTION FOR THE DISPOSAL OF THE MOBILE HOME ABANDONED ON APPELLANT'S PREMISES, AS APPELLANT MET ALL PLEADING REQUIREMENTS UNDER OHIO'S ABANDONED MOBILE HOME LAW.**

### Assignment of Error No. II

**THE TRIAL COURT ERRED IN DENYING APPELLANT'S MOTION FOR A POST-EVICTION WRIT OF EXECUTION SUBMITTED PURSUANT TO R.C. SECTIONS 1923.12, 1923.13 AND 1923.14 AS THE AUDITOR, TREASURER AND PROSECUTING ATTORNEY ARE NOT NECESSARY PARTIES TO THE EVICTION ACTION NOR TO THE POST-EVICTION WRIT OF EXECUTION PURSUANT TO R.C. SECTIONS 1923.02 AND 1923.13.**

---

[1] On April 14, 2013, Marysville Estates filed a notice of appeal. However, on April 30, 2013, this Court found that the trial court's judgment entry was interlocutory in nature and was not a final order as defined by R.C. 2505.02. Therefore, this court dismissed the appeal for lack of jurisdiction.

### *Assignment of Error No. I*

**{¶6}** In its first assignment of error, Marysville Estates argues that the trial court erred when it denied Marysville Estates' request for a writ of execution because it had not asked for such a writ in its FED Complaint. We agree.

**{¶7}** R.C. Chapter 1923 governs forcible entry and detainer. Since this matter involves a bench trial, the provisions of R.C. 1923.09 apply. "Section 1923.12(A) provides that, if a resident has been evicted from a manufactured home park under Section 1923.09 and has abandoned his manufactured home, the operator of the park may provide him with written notice to remove the home within fourteen days." *Oak Park Mgt. Corp. v. Via*, 9th Dist. Wayne No. 07CA0022, 2008-Ohio-2493, ¶ 4 (Opinion of Dickinson, J.). If the owner of the manufactured home does not remove the home within the fourteen days, then the park operator may "follow the procedures of division (B) of section 1923.13 and division (B) of section 1923.14 of the Revised Code to permit the removal of the home * * * from the manufactured home park, and the potential sale, destruction, or transfer of ownership of the home * * *." R.C. 1923.12(A). Further, R.C. 1923.09(B) states:

> [i]f a judgment is entered under this section in favor of a plaintiff who is a park operator, the judge *shall include in the judgment entry* authority for the plaintiff to permit, in accordance with section 1923.12 and division (B) of section 1923.13 and division (B) of section 1923.14 of the Revised Code, the removal from the manufactured home park and potential sale, destruction or transfer of

> ownership of the defendant's manufactured home, mobile home, or recreational vehicle.

(Emphasis added.)

**{¶8}** Based on a review of the foregoing language, we find that R.C. Chapter 1923 does not require that a park operator specifically pray for a writ of execution in a forcible entry and detainer complaint. Instead, it is apparent from the language that the process to obtain a writ of execution happens *after* a trial court rules on the eviction motion. *See* R.C. 1923.13(A) ("When a judgment of restitution is entered by a court in an action under [Chapter 1923] * * * at the request of the plaintiff or the plaintiff's agent or attorney, that court shall issue a writ of execution on the judgment * * *."). Further, a writ of execution is provided for by statute in Chapter 1923 and to require a party to specifically plead for a writ of execution in his or her eviction complaint would be redundant. As such, Marysville Estates was not required to request a writ of execution in its FED Complaint. Therefore, we find that the trial court erred when it refused to grant Marysville Estates' writ of execution because it had not specifically prayed for such relief in its FED Complaint.

**{¶9}** Accordingly, we sustain Marysville Estates' first assignment of error.

*Assignment of Error No. II*

**{¶10}** In its second assignment of error, Marysville Estates contends that the trial court erred when it denied its request for a writ of execution because Marysville Estates did not seek abatement of taxes or join the County Treasurer, Auditor, and Prosecutor to this matter. We agree.

**{¶11}** The joinder of necessary parties to an action is controlled by Civ.R. 19(A), which provides, in pertinent part, as follows:

> A person who is subject to service of process shall be joined as a party in the action if (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (a) as a practical matter impair or impede his ability to protect his interest or (b) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest, or (3) he has an interest relating to the subject of the action as an assignor, assignee, subrogor, or subrogee.

In this matter, Civ.R. 19(A)'s requirements are intertwined with R.C. 1923.14(B)(1), which provides, in pertinent part, as follows:

> After a court of common pleas, municipal court, or county court issues a writ of execution described in division (B) of section 1923.13 of the Revised Code, the clerk of court shall send by regular mail * * * to the auditor and treasurer of the county in which the court is located, a written notice that the home or vehicle potentially may be sold, destroyed, or have its title transferred under the circumstances described in division (B)(3) or (4) of this section.

Further, R.C. 1923.14(B)(3) provides as follows:

> [W]ithin sixty days after receiving a writ of execution as described in division (B) of section 1923.13 of the Revised Code, the sheriff, police officer, constable, or bailiff shall commence proceedings for the sale of the manufactured home, mobile home, or recreational vehicle that is the subject of the writ * * *.

{¶12} According to this language, R.C. 1923.14 does not require a plaintiff to join the County Auditor or Treasurer as parties to the action, rather it only requires the clerk of court afford them notice *after* the writ of execution is issued. Chapter 1923 does not require that the Auditor or Treasurer be joined as parties to the action before the writ of execution is issued by the trial court.

{¶13} Based on the provisions of R.C. 1923.14, we are unable to see how the absence of the County Treasurer, Auditor, and Prosecutor denied complete relief to Marysville Estates and Bruce, the original parties to this action. Moreover, the writ of execution does not affect the Treasurer's, Auditor's, or Prosecutor's ability to collect whatever back taxes Bruce might owe for two reasons. First, the evidence in the record demonstrates that the mobile home on the subject property is essentially worthless.[2] Second, after the issuance of a writ of execution, the clerk of courts is required to provide notice to the County Auditor and Treasurer. The writ simply gives Marysville Estates its real property back by removing an abandoned and valueless mobile home from its park. Thus,

---

[2] According to the affidavit of Martha Moore, who specializes in real estate valuation, the mobile home at issue had a "negative value" due to the damage to the interior as well as an infestation of pests. (Docket No. 11, Exhibit C, p. 8, 11). In her opinion, Moore would value the home at $0.00.

under Civ.R. 19, the County Treasurer, Auditor, and Prosecuting Attorney are not necessary parties to the litigation.

*Summary Nature of Forcible Entry and Detainer Proceedings*

**{¶14}** Even if there was a violation of Civ.R. 19(A) or a pleading defect, we would still find that the trial court erred in denying the writ of execution since it failed to raise the joinder and pleading issues in a timely fashion. Civ.R. 1(C) provides, "[t]hese rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * in forcible entry and detainer * * *." This is because forcible entry and detainer is a summary proceeding that is "intended to serve as an expedited mechanism by which an aggrieved landlord may recover possession of real property." *Miele v. Ribovich*, 90 Ohio St.3d 439, 441 (2000); *see also Haas v. Gerski*, 175 Ohio St. 327, 330 (1963). Thus, "[t]he exception embodied in Civ.R. 1(C) recognizes that, based on the nature of interests involved, forcible entry and detainer proceedings merit special consideration." *Miele* at 444.

**{¶15}** Since forcible entry and detainer proceedings are of summary nature, trial judges should not delay their judgments while developing findings of fact or conclusions of law. *State ex rel. GMS Mgt. Co., Inc. v. Callahan*, 45 Ohio St.3d 51, 55 (1989). In *Callahan*, GMS Management Company, Inc. ("GMS") requested that the Ohio Supreme Court issue a writ ordering any acting, assigned,

or sitting judge of the Willoughby Municipal Court to proceed in forcible entry and detainer cases in a "timely fashion." *Id*. at 51. GMS argued that trial court judges "should not delay [forcible entry and detainer] proceedings by preparing unsolicited findings of fact and conclusions of law." *Id*. at 54. The Ohio Supreme Court agreed with GMS and held that a trial court judge may enter findings of fact and conclusions of law only within a seven working day period after a hearing on the merits. *Id*. at 55.

{¶16} Here, Marysville Estates' eviction hearing was held on May 8, 2012. On January 22, 2013, Marysville Estates then filed its proposed writ of execution, which contained the language required by R.C. 1923.13(B). It was not until almost two months later, on March 21, 2013, when the trial court denied the writ of execution, stating that Marysville Estates had not joined the proper parties or had not stated a proper prayer for relief, two defenses that were not raised by Bruce, who failed to file an answer[3] or even appear at the eviction hearing. Thus, it was improper and untimely for the trial judge to wait two months before raising the joinder and pleading issues in contravention of the summary nature of forcible entry and detainer proceedings.

---

[3] The only pleading required in a forcible entry action is a complaint, as no answer is required by statute. *Howard v. Barner*, 73 Ohio Law Abs. 231, 137 N.E.2d 422 (2d Dist. 1952). Therefore, the fact Bruce chose not to file an answer did not preclude him from asserting any defense he might have had at the eviction hearing. *Lauch v. Monning*, 15 Ohio App.2d 112 (1st Dist. 1968).

**{¶17}** Consequently, we sustain Marysville Estates' second assignment of error.

**{¶18}** Having found error prejudicial to Marysville Estates, in the particulars assigned and argued, we reverse the trial court's judgment and remand this matter for further proceedings consistent with this opinion.

*Judgment Reversed and*
*Cause Remanded*

**PRESTON, P.J. concurs in Judgment Only.**
**SHAW, J., concurs.**

**/jlr**