CUYAHOGA METROPOLITAN HOUSING AUTHORITY,
APPELLANT, *v.* JACKSON, APPELLEE.

[Cite as Housing Authority v. Jackson (1981),
67 Ohio St. 2d 129.]

(No. 80-1524—Decided July 8, 1981.)

*Mr. Timothy A. Marcovy,* for appellant.
*Mr. Jose A. Villanueva* and *Mr. Thomas W. Weeks,* for appellee.

CLIFFORD F. BROWN, J.   At issue is the applicability of Civ. R. 53(E) and 54(B) to actions in forcible entry and detainer. While the Rules of Civil Procedure are generally applicable to all civil proceedings in Ohio, the drafters carved out certain exceptions to their use, as provided in Civ. R. 1(C):

"These rules, to the extent that they would by their nature be clearly inapplicable, shall not apply to procedure * * * (3) in forcible entry and detainer, * * * ."

Therefore, we must determine whether Civ. R. 53(E) and 54(B) are "by their nature * * * clearly inapplicable" to forcible entry and detainer proceedings.

Forcible entry and detainer, as authorized in R. C. Chapter 1923, is a summary proceeding in which "any judge of a county court" may make inquiry into disputes between landlords and tenants, and, where appropriate, order restitution of the premises to the landlord.[4] This is a civil remedy

---

[4] R. C. 1923.01 provides, in pertinent part:

provided by statute and intended to affect only the question of the present right to possess real property. "The purpose of the forcible entry and detainer statutes is to provide a summary, extraordinary, and speedy method for the recovery of possession of real estate in the cases especially enumerated by statute." 24 Ohio Jurisprudence 2d 455, Forcible Entry and Detainer, Section 2.[5]

The purpose of the forcible entry and detainer statutes is to provide immediate possession of real property. *Haas* v. *Gerski* (1963), 175 Ohio St. 327, 330. Given its summary nature, the drafters of the Rules of Civil Procedure were careful to avoid encrusting this special remedy with time consuming procedure tending to destroy its efficacy. In a recent case, this court refused to allow the pendency of a collateral action in common pleas court to stay proceedings in Municipal Court in forcible entry and detainer. *State, ex rel. Carpenter,* v. *Court* (1980), 61 Ohio St. 2d 208.

Given the summary nature of this proceeding, and recognizing that the crowded dockets common to Municipal Courts in Ohio require use of referees, we find no need to compel strict adherence to Civ. R. 53 governing referees. Rather, the trial court need only comply with the forcible entry and detainer statute provisions requiring a judge, and not the

---

"(A) As provided in Chapter 1923 of the Revised Code, any judge of a county court, within his proper area of jurisdiction, may inquire about persons who make unlawful and forcible entry into lands and tenements and detain them, as well as about persons who have a lawful and peaceable entry into lands and tenements and hold them unlawfully and by force. If upon such inquiry it is found that an unlawful and forcible entry has been made, and that the lands or tenements are held by force, or that after a lawful entry they are held unlawfully, then the judge shall cause the party complaining to have restitution of the lands or tenements.***"

R. C. 1901.18 confers jurisdiction on the Municipal Court, and provides in pertinent part:

"Subject to section 1901.17 of the Revised Code, a municipal court has jurisdiction within its territory:

"(A) In any civil action, of whatever nature or remedy, wherein judges of county courts have jurisdiction;

"***

"(H) In any action of forcible entry and detainer;***"

[5] R. C. 1923.02(A)(9) authorizes such proceedings "[a]gainst tenants who have breached an obligation imposed upon them by a written rental agreement." In this case, plaintiff contended that defendant had failed to keep his rental payments current, as required by the rental agreement.

referee, to make the final judgment entry, as the trial court did in this case. Civ. R. 53(E), requiring a 14 day delay between the filing of the report by the referee and the final judgment entry by the judge, by its nature is clearly inapplicable since it would destroy the summary nature of forcible entry and detainer proceedings.

By similar reasoning, we conclude that Civ. R. 54(B), governing judgments upon multiple claims, is inapplicable to this special proceeding. Commonly, claims to recover possession of real property in forcible entry and detainer are joined with claims for damages for non-payment of rent.[6] Were we to apply Civ. R. 54(B), the judgment appealed from here would be provisional and non-enforceable, since the trial court, in failing to rule on the claim for money damages, did not specify that "no just reason for delay" of appeal existed. Such a situation would utterly destroy the summary nature of forcible entry and detainer proceedings. Therefore, we hold that a judgment entry giving or denying a present right to possession of property, under R. C. Chapter 1923, is appealable even though all the causes of action have not been adjudicated.

Finding that, under the authority of Civ. R. 1(C), neither Civ. R. 53(E) nor 54(B) are applicable to proceedings in forcible entry and detainer, we reverse the judgment of the Court of Appeals.

*Judgment reversed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER and HOLMES, JJ., concur.

---

[6] Civ. R. 18 provides for joinder of claims and remedies generally. This rule superseded former R. C. 2309.05(H), which specifically authorized joinder of claims to recover possession of real property in forcible entry and detainer actions with claims for rent, or damages for non-payment thereof.