### Skillman v. Browne
*[Cite as 5 AOA 94]*

Case No. WD-89-66
Wood County, (6th)
Decided July 13, 1990

*Steve Robins, for Appellants.*

HANDWORK, P.J.
On July 12, 1989, appellee Dean Skillman and Astel Smith, Partners, filed a landlord's complaint in the Perrysburg Municipal Court. Appellee demanded restitution of the premises, money damages for past rent due, money damages for hold over rent and court costs. On August 9, 1989, the Perrysburg Municipal Court issued a decision and order which stated, in pertinent part:

"WHEREFORE, a writ of restitution shall issue and the second cause is continued for further proceedings. Clerk to notify."

On September 6, 1989, appellants filed a *"MOTION FOR USE AND OCCUPANCY BOND AND STAY OF EXECUTION,"* which requested that appellants be permitted to pay into the court, each month, their rent money as it came due until an appeal was decided by this court. On September 6, 1989, appellants also filed a notice of appeal from the August 9, 1989 decision and order. On September 8, 1989, the Perrysburg Municipal Court issued an order which stated, in pertinent part:

"It is therefore ORDERED, ADJUDGED AND DECREED that execution of the writ of restitution is hereby stayed pending a determination of Defendants' appeal by the Wood County Court of Appeals."

On May 1, 1990, this court issued a decision and journal entry which *sua sponte* dismissed this appeal on the basis that the lower court's decision was not a final appealable order. Appellants, Michael and Cheryl Browne, filed an application for reconsideration in this court on May 8, 1990.

When a motion for reconsideration is filed in a court of appeals in Ohio, the test to be applied is:

"*** whether the motion calls to the attention of the court an obvious error in its decision, or raises an issue for consideration that was either not considered at all or was not fully considered by the court when it should have been." *Columbus v. Hodge* (1987), 37 Ohio App. 3d 68, 68.

Appellants assert that the August 9, 1989 judgment entry from the Perrysburg Municipal Court was a final appealable order, because:

"*** resolution of the issue of damages would require that the Writ of Restitution be exercised, Appellant's (sic) be dispossessed of the premises and then the determination of damages would proceed to hearing. Thus it is submitted that until the issue of possession is determined by this Court the issue of damages is speculative, and that the Municipal Court's decision of August 9, 1989 is a final Order allowing this court to decide the substance of Appellant's [sic] appeal."

Appellants cited no statutory or case law to support their assertion.

However, after conducting our own research, this court concludes that appellants' motion for

reconsideration is well-taken and must be granted.

R.C. 2505.02 defines a final appealable order. The definition contained in R.C. 2505.02 states:

"An order that affects a substantial right in an action which in effect determines the action and prevents a judgment, an order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment, or an order that vacates or sets aside a judgment or grants a new trial is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial." R.C. 2505.02.

Pursuant to R.C. 2505.02, before appellants can demonstrate that their case is ripe for review, they must show:

"(1) a substantial right was affected by an order '*** in an action which in effect determines the action and prevents a judgment ***'; or

"(2) a substantial right was affected by an order made in a special proceeding."[1]

This court concluded in its May 1, 1990 decision and journal entry that the judgment entry appealed from does not "*** determine the action and prevent a judgment ***" because the judgment entry appealed from specifically continues the issue of damages for later consideration. However, this court did not fully consider whether this is an appeal from a special proceeding. In 1981, the Supreme Court of Ohio set forth a test for determining whether a cause of action is a special proceeding. The specific language used by the Supreme Court of Ohio when announcing the test was as follows:

"*** whether an order is made in a special proceeding is resolved through a balancing test. This test weighs the harm to the prompt and orderly disposition of litigation,' and the consequent waste of judicial resources, resulting from the allowance of an appeal, with the need for immediate review because appeal after final judgment is not practicable." *Amato v. General Motors Corp.* (1981), 67 Ohio St. 2d 253, 258.

The specific issue addressed in *Amato* was whether a judgment entry approving a class action was a final, appealable order. In considering the issue, the Supreme Court of Ohio stated that certain principles guide the Supreme Court when it is asked to consider whether an action is a special proceeding. The first principle discussed by the Supreme Court of Ohio was the reluctance of the court to declare an action a special proceeding since the declaration of an action as a special proceeding essentially permits an interlocutory appeal. *Id.* at 257. The court noted that interlocutory appeals are not desirable, because they can hinder the prompt and efficient disposition of cases. *Id.* at 258. The second principle discussed by the supreme Court of Ohio was a willingness to declare an action a social--proceeding on the basis of the practicability of appeal after final judgment. *Id.* The *Amato* court then announced the balancing test quoted above.

Seven days before the *Amato* case was decided, the Supreme Court of Ohio decided another case which involved the question of whether Civ. Rs. 53(E) and 54(B) were applicable to forcible entry and detainer actions. *Cuyahoga Metro. Housing Auth. v. Jackson* (1981), 67 Ohio St. 2d 129. The syllabus of *the-Cuyahoga Metro. Housing Auth. v. Jackson* case dealt solely with whether the civil rules previously mentioned were applicable to forcible entry and detainer actions. However, we note that the discussion of the Supreme Court in the *Cuyahoga Metro. Housing Auth. v. Jackson* case included the following statement:

"By similar reasoning, we conclude that Civ. R. 54(B), governing judgments upon multiple claims, is inapplicable to this *special proceeding.*" Commonly, claims to recover possession of real property in forcible entry and detainer are joined with claims for damages for non-payment of 'rent. Were we to apply Civ. R. 54(B), the judgment appealed from here would be provisional and non-enforceable, since the trial court, in failing to rule on the claim for money damages, did not specify that 'no just reason for delay' of appeal existed. such a situation would utterly destroy the summary nature of forcible entry and detainer proceedings. Therefore, we hold that a judgment entry giving or denying a present right to possession of property, under R.C. Chapter 1923, is appealable even though all the causes of action have not been adjudicated." *Id.* at 132. (Emphasis added.)

While the court in *Cuyahoga Metro. Housing Auth. v. Jackson* never specifically cited to R.C. 2505.02 or discussed the provisions of R.C. 2505.02 to determine whether the requirements of R.C. 2505.02 regarding final and appealable orders were satisfied, and never specifically applied the balancing test subsequently announced in *Amato,* we believe that the statements made in dicta are persuasive, and carry with them the inference that the Supreme Court of Ohio considered all the issues before making the statements in dicta. Accordingly, we find appellant's motion for reconsideration well-taken

and order it granted. We hold that a judgment entry in a forcible entry and detainer action which contains an order relating to the right to possession of property is a final, appealable order pursuant to R.C. 2505.02 even absent a specific ruling on the issue of damages, because a proceeding for forcible entry and detainer is a special proceeding which affects a substantial right.

Accordingly, this appeal is ordered reinstated and shall proceed in accordance with the Appellate Rules of Procedure.

*Motion granted.*

HANDWORK, P.J., RESNICK, J., concur.

---

[1] R.C. 2505.02 also lists orders in summary judgment proceedings and orders which vacate or set aside judgments, but since neither of these procedural situations apply in this case, they will not be included in our discussion.