[Cite as *Sheehe v. Demsey*, 2014-Ohio-305.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 99965**

---

# LARRY G. SHEEHE, EXECUTOR
# OF THE ESTATE OF LOUISE J. DEMSEY

PLAINTIFF-APPELLEE

vs.

# KENNETH DEMSEY

DEFENDANT-APPELLANT

---

## JUDGMENT:
DISMISSED

---

Civil Appeal from the
Parma Municipal Court
Case No. 11-CVG-01302

**BEFORE:** Celebrezze, P.J., Keough, J., and Blackmon, J.

**RELEASED AND JOURNALIZED:** January 30, 2014

**ATTORNEY FOR APPELLANT**

Robert Troll Lynch
35253 Maplegrove
Suite 102
Willoughby, Ohio   44094


**ATTORNEY FOR APPELLEE**

S. Robert E. Lazzaro
Costanzo & Lazzaro
13317 Madison Avenue
Lakewood, Ohio   44107

FRANK D. CELEBREZZE, JR., P.J.:

{¶1} Appellant, Kenneth Demsey, claims he was denied his constitutional right to counsel in a civil forcible entry and detainer action filed by appellee, Larry G. Sheehe, executor of the estate of Louise J. Demsey, to evict appellant from a property held by the estate. After a thorough review of the record and law, we dismiss the appeal as moot.

## I. Factual and Procedural History

{¶2} Appellant lived with and cared for his mother, Louise J. Demsey, in a house she owned. Following her death on June 13, 2010, appellant continued to live in the house. Louise was survived by five children, including appellant. A probate case commenced in the Cuyahoga County Probate Court, and Larry G. Sheehe was appointed executor. On January 18, 2011, the trial court ordered that appellant pay $1,000 per month in rent to the estate retroactive to the date of Louise's death and that appellant vacate the property within 60 days. Appellant did not pay rent or vacate the premises.

{¶3} On March 28, 2011, the executor, after providing appellant a three-day eviction notice, filed a forcible entry and detainer action with an accompanying claim for damages in the Parma Municipal Court. Appellant entered an answer through counsel and demanded a jury trial. Appellant also filed a counterclaim against the estate. After numerous continuances of the summary forcible entry and detainer proceeding, trial was set to commence on July 12, 2012. According to appellant, on that day, he

unsuccessfully sought another continuance when no attorney appeared to represent him.[1] Appellant informed the court that he had retained new counsel, but the attorney did not appear for trial.[2] The trial court denied the oral motion and the jury trial commenced. A verdict was rendered in favor of the estate, and an order of restitution of possession of the property to the estate was issued that same day. Appellant was removed from the property by July 30, 2012. Appellant did not successfully seek a stay of his removal.

{¶4} A second trial on the issue of damages was conducted on May 7, 2013. The trial court found that the estate had shown $16,691 in damages, but entered judgment for the maximum jurisdictional amount of $15,000. Appellant then filed the instant appeal raising one error: "The lower court erred in not observing the Ohio and federal law requiring legal counsel in a 'fundamental-right' civil matter such as eviction."

## II. Law and Analysis

{¶5} Appellant's single claim boils down to an argument that the trial court erred in not granting a continuance when appellant's attorney did not appear for trial. Appellant's argument is based on the denial of his right to counsel in a civil proceeding that could lead to a deprivation of a property interest. In any event, because appellant's

---

[1] No evidence appears in the record to corroborate this assertion. The transcript provided by appellant does not include evidence of any motion to continue made the day of trial and, because it was an oral motion, no documentation appears in the record.

[2] Appellant's second attorney, Matthew Lynch, successfully withdrew from the case on May 18, 2012. Appellant's first attorney, Robert Lynch, never withdrew as counsel and represented appellant after the July trial.

appeal only raises an issue regarding the forcible entry and detainer portion of the underlying action, this appeal is moot.

{¶6} The trial court conducted a jury trial on the forcible entry and detainer action on July 12, 2012. The jury found in favor of the estate, and an order of restitution restoring possession of the premises to the estate was issued on July 12, 2012. Appellant was removed from the property by July 30, 2012. The order of restitution was final and appealable when issued. *Cuyahoga Metro. Hous. Auth. v. Jackson*, 67 Ohio St.2d 129, 132, 423 N.E.2d 177 (1981). Further,

> a judgment entry in a forcible entry and detainer action which contains an order relating to the right to possession of property is a final, appealable order pursuant to R.C. 2505.02 even absent a specific ruling on the issue of damages, because a proceeding for forcible entry and detainer is a special proceeding which affects a substantial right.

*Skillman v. Browne*, 68 Ohio App.3d 615, 619, 589 N.E.2d 407 (6th Dist.1990).

{¶7} Appellant did not immediately appeal the order or otherwise prevent his removal from the premises. "Under Ohio law, a forcible entry and detainer action decides the right to immediate possession of property and 'nothing else.'" *Cleveland Fin. Assocs., L.L.C. v. Cleveland Banquets, L.L.C.,* 8th Dist. Cuyahoga No. 95009, 2011-Ohio-931 ¶ 11, quoting *Seventh Urban, Inc. v. Univ. Circle Property Dev., Inc.*, 67 Ohio St.2d 19, 25, 423 N.E.2d 1070 (1981), fn. 11. Therefore, "[o]nce the landowner has been restored to his property, the forcible entry and detainer action becomes moot because there is no further relief that may be granted to the landowner." *Id*. at ¶ 11. In order to preserve appellate rights, the evicted party must stay the ejectment. *Id*. "[I]f a

defendant fails to obtain a stay of execution and/or post a supersedeas bond, all issues relating to forcible entry and detainer are rendered moot." *Id.*, citing *Tripp v. French*, 9th Dist. Medina No. 02CA0004-M, 2002-Ohio-6996, ¶8.

{¶8} Assuming appellant is correct that the denial of a right to counsel in a civil eviction proceeding — even though no such right exists in Ohio law — was error by the trial court, there is no remedy to be had. No court may restore appellant to possession because the property has been sold. Because a forcible entry and detainer action does no more than determine rights to possession, no meaningful relief is available. Therefore, appellant's claim in this appeal regarding this portion of the appealed judgment is moot.

{¶9} A moot issue may still be addressed if it is capable of repetition, but evades review. *State ex rel. Plain Dealer Pub. Co. v. Barnes*, 38 Ohio St.3d 165, 527 N.E.2d 807 (1988), paragraph one of the syllabus. Here, that is not the case. Also, "[a]lthough a case may be moot with respect to one of the litigants, this court may hear the appeal where there remains a debatable constitutional question to resolve, or where the matter appealed is one of great public or general interest." *Franchise Developers, Inc. v. Cincinnati,* 30 Ohio St.3d 28, 505 N.E.2d 966 (1987), paragraph one of the syllabus. Here, appellant asserts that this is an important constitutional issue — the right to counsel. But the issue really is whether the trial court abused its discretion in denying appellant's seventh motion to continue a proceeding that is designed to swiftly adjudicate possession of property.[3] This is not an important constitutional issue that must be addressed.

---

[3] The action had been on the court's docket for 16 months.

### III. Conclusion

**{¶10}** The failure to immediately appeal or stay removal from the premises renders this appeal moot. No matter this court's determination, possession of the premises cannot be returned to appellant. Because this is the only issue raised by appellant, this appeal must be dismissed as moot.

**{¶11}** Accordingly, the appeal is dismissed.

It is ordered that appellee recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

KATHLEEN ANN KEOUGH, J., and
PATRICIA A. BLACKMON, J., CONCUR
KEY WORDS:
*#99965 - Larry G. Sheehe, Exec. v. Kenneth Demsey*