[Cite as *Shelton v. Huff*, 2014-Ohio-3871.]

## IN THE COURT OF APPEALS

## ELEVENTH APPELLATE DISTRICT

## TRUMBULL COUNTY, OHIO

| | | |
|---|---|---|
| RANDY SHELTON, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2014-T-0020** |
| REGGIE HUFF, | : | |
| Defendant-Appellant. | : | |

Civil Appeal from the Trumbull County Court, Central District, Case No. CVG1200390.

Judgment: Appeal dismissed.

*Randy Shelton,* pro se, and *Carol Shelton*, pro se, 3501 Sodom Hutchings Road, Cortland, OH 44410 (Plaintiffs-Appellees).

*Reggie Huff,* pro se, 2009 29th Street, South, Brookings, SD 57006 (Defendant-Appellant).

DIANE V. GRENDELL, J.

{¶1} On March 6, 2014, defendant-appellant, Reggie Huff, appealed from the February 4, 2014 Judgment Entry of the Trumbull County Court, Central District, ordering that Huff pay past-due rent to plaintiffs-appellees, Randy and Carol Shelton, in the amount of $400.00.

{¶2} Prior to the February 4 Judgment Entry, on November 26, 2012, the Sheltons filed a Complaint in Forcible Entry and Detainer, seeking to have Huff removed from the premises he was renting and raising the claim for unpaid rent.

**{¶3}** A hearing was held on the forcible entry and detainer matter on December 7, 2012. On that date, the court issued a Journal Entry of Eviction, entering a writ of restitution, and ordering that Huff return possession of the premises to the Sheltons. The Entry continued the matter of damages for a separate hearing. Huff filed a Notice of Appeal from the ruling on the possession of the property, which was subsequently affirmed by this court in *Shelton v. Huff*, 11th Dist. Trumbull No. 2012-T-0101, 2014-Ohio-1344.

**{¶4}** While the appeal was pending, on December 26, 2012, Huff filed an Answer and Counterclaim in the trial court, raising seven counterclaims.

**{¶5}** On February 4, 2014, the court issued the Judgment Entry that is the subject of the present appeal, ruling on damages. The court stated in its Entry that, although Huff did not appear, it heard evidence regarding unpaid rent from October through December of 2012. It awarded "judgment to plaintiff against defendant in the amount of * * * $400.00," with interest and costs. The court did not mention Huff's counterclaims.

**{¶6}** Initially, we must determine whether there is a final appealable order, since a judgment of a trial court can be immediately reviewed by an appellate court only if it constitutes a "final order" in the action. *Germ v. Fuerst*, 11th Dist. Lake No. 2003-L-116, 2003-Ohio-6241, ¶ 3. If a lower court's order is not final, an appellate court does not have jurisdiction to review the matter, and the matter must be dismissed. *Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20, 540 N.E.2d 266 (1989). For a judgment to be final and appealable, it must satisfy the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). *Children's Hosp. Med. Ctr. v. Tomaiko*, 11th Dist. Portage No. 2011-P-0103, 2011-Ohio-6838, ¶ 3.

2

**{¶7}** Civ.R. 54(B) provides the following:

When more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties * * *.

**{¶8}** This court has repeatedly held that, where there are multiple claims and/or parties involved, an entry entering final judgment as to one or more but fewer than all of the claims or parties is not a final appealable order in the absence of Civ.R. 54(B) language stating that "there is no just reason for delay." *Meffe v. Griffin*, 11th Dist. Trumbull No. 2012-T-0032, 2012-Ohio-3642, ¶ 11.

**{¶9}** Initially, we recognize that appeals involving forcible entry and detainer/the right to possession fall under a specific exception to the requirement for the lower court to address all claims. A damages claim may remain pending in such an action during an appeal, since "a judgment entry giving or denying a present right to possession of property, under R.C. Chapter 1923, is appealable even though all the causes of action have not been adjudicated." *Cuyahoga Metro. Housing Auth. v. Jackson*, 67 Ohio St.2d 129, 132, 423 N.E.2d 177 (1981).

3

**{¶10}** In this matter, the right to possession issue was no longer before the trial court, as it had been resolved in the December 7, 2012 Journal Entry. All that remained were the claim for damages for past due rent and the counterclaims raised by Huff. The same concerns regarding the necessity of timely addressing the appeal do not apply to damages. Where a separate proceeding is held "on the secondary causes of action (*i.e.*, those for back rent and damages)" the proceedings "shall go forth in all respects as in other civil cases." *Shelton*, 2014-Ohio-1344, at ¶ 21, citing *Smith v. Wright*, 65 Ohio App.2d 101, 104, fn. 2, 416 N.E.2d 655 (8th Dist.1979). It follows, then, that the Civil Rules, including Civ.R. 54(B), apply under the circumstances of this case.

**{¶11}** This approach was followed in *Cruse v. Finley*, 4th Dist. Lawrence No. 12CA2, 2012-Ohio-5465. There, the court held that an order ruling on the unpaid rent claim but not a counterclaim was not a final appealable order. *Id.* at ¶ 19. Similarly, in that case, the unpaid rent issue had been initially raised with a forcible entry and detainer claim, which had previously been resolved at a separate hearing. *Id.* at ¶ 3-5.

**{¶12}** In its February 4, 2014 Judgment Entry, the trial court ruled on the issue of unpaid rent but did not mention the counterclaims or include Civ.R. 54(B) language. A review of the docket does not show that any action has been taken by the trial court to address or rule on these counterclaims.

**{¶13}** Based upon the foregoing analysis, this appeal is hereby sua sponte dismissed due to lack of a final appealable order.

**{¶14}** Appeal dismissed.

THOMAS R. WRIGHT, J.,

COLLEEN MARY O'TOOLE, J.,

concur.

4