[Cite as *Knop v. Davet*, 2017-Ohio-1416.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| FRANCINE KNOP, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2016-G-0074** |
| RICHARD DAVET, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2016 CVG 129.

Judgment: Appeal dismissed.

*Casey P. O'Brien*, Petersen & Ibold, 401 South Street, Building 1-A, Chardon, OH 44024-1495 (For Plaintiffs-Appellees).

*Richard Davet & Lynn Davet*, pro se, P.O. Box 10092, Cleveland, OH 44110 (Defendants-Appellants).

TIMOTHY P. CANNON, J.

{¶1}   Appellants, Richard Davet and Lynn Davet, appeal the judgments entered by the Chardon Municipal Court on March 1, 2016, and April 22, 2016, in which the trial court ordered the issuance of a writ of restitution against appellants and held appellants jointly and severally liable to appellees, Francine Knop and William A. Knop, in the amount of $3,042.02 plus interest and costs.  We hold appellants' appeal from the trial court's corrected March 1, 2016 judgment is moot, and the trial court's April 22, 2016

judgment is not a final, appealable order. We dismiss this appeal by memorandum opinion.

{¶2} This case stems from a lease agreement between appellees and Appellant Richard Davet. Appellants rented a condominium in Middlefield, Ohio from appellees. On February 8, 2016, appellees gave appellants written notice requesting that they leave the leased premises due to "nonpayment of rent." On February 12, 2016, appellees filed a complaint and affidavit in forcible entry and detainer and recovery of money in the Chardon Municipal Court. Appellees' first cause of action alleged appellants were in unlawful possession of the premises situated at 15406 High Pointe Circle, Middlefield, Ohio 44062. Their second cause of action alleged appellants owed back rent, late fees, and damages to be determined by the trial court. The trial court set an eviction hearing for February 29, 2016.

{¶3} Appellant Richard Davet filed an answer to appellees' complaint on February 23, 2016. The answer was filed pro se by Richard Davet. The answer was also purportedly filed on behalf of Appellant Lynn Davet, wherein she denied all claims in the complaint and did not submit to the jurisdiction of the court, stating she was not a party to the lease at issue and had no obligations under the lease agreement. However, this answer was not signed by an attorney nor was it signed by Lynn Davet. Richard Davet, for his part, denied all claims in the complaint and also filed a counterclaim. The counterclaim alleged damages in excess of $15,000.00 and requested the transfer of his counterclaim to "the County common pleas court."

{¶4} On February 29, 2016, appellees appeared at the eviction hearing with counsel, while Richard Davet appeared without counsel, and Lynn Davet did not

2

appear. Appellants have provided no transcript of what occurred at this hearing. Appellees filed their answer to Richard Davet's counterclaim on March 1, 2016, denying all claims and noting, "the Chardon Municipal Court dismissed any claim related to Lynn Davet at the hearing on February 29, 2016." Also on March 1, 2016, the trial court entered judgment for appellees, granting restitution of the premises with a writ of restitution issued and dismissing Richard Davet's counterclaim for want of prosecution. Appellants did not request a stay of this judgment in the trial court. The court docket reflects the writ and entry were served on March 1, 2016, and the premises was vacated on March 9, 2016. The trial court scheduled the hearing on appellees' second cause of action for April 11, 2016.

{¶5} At the April 11, 2016 hearing, Francine Knop appeared represented by counsel, and Richard Davet was present but unrepresented. The trial court entered judgment on April 22, 2016, and found in favor of appellees against appellants jointly and severally, in the amount of $3,042.02 plus interest and costs.

{¶6} On May 20, 2016, appellants filed a notice of appeal from the judgments of March 1, 2016, which granted restitution of the premises to appellees, and of April 22, 2016, which granted damages to appellees. When appellants filed their notice of appeal, praecipe, and docketing statement, they indicated that no trial transcript or substitute would be required. Appellants initially argued on appeal, and appellees did not challenge, that Lynn Davet was dismissed as a defendant from the action; however, there is no indication in the record that she was dismissed. As a result, on October 6, 2016, this court remanded the case to the trial court for the sole purpose of clarifying whether Lynn Davet was dismissed as a defendant in this matter. The trial court

3

entered judgment from the remand on October 14, 2016, stating that Lynn Davet "was not dismissed from the action." The trial court also issued a nunc pro tunc entry to correct a clerical error in the judgment entry of March 1, 2016. The trial court indicated that the entry incorrectly stated Richard Davet's counterclaim was dismissed for want of prosecution. The corrected entry states, "Defendant's, Lynn Davet, answer is dismissed for want of prosecution." This entry has created another issue. As a result of the correction in the March 1, 2016 entry, there is no order from the trial court that disposes of Richard Davet's counterclaim, and there is no ruling on the motion to transfer the case to the common pleas court. The docket notes that the property was vacated on March 9, 2016. Because appellants vacated the premises without obtaining a stay of the March 1, 2016 judgment and paying any required bond, the issue of possession is moot and the appeal from that judgment is dismissed. Further, because there are outstanding claims, this court does not have jurisdiction to consider appellant's appeal from the trial court's April 22, 2016 judgment.

{¶7} Under Article IV, Section 3(B)(2), of the Ohio Constitution, courts of appeal have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district." "It is well-established that an order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Accident Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). "An order which adjudicates one or more but fewer than all the claims or the rights and liabilities of fewer than all the parties must meet the requirements of R.C. 2505.02 and Civ.R. 54(B) in order to be final and appealable." *Noble v. Colwell*, 44 Ohio St.3d 92, 96 (1989).

4

{¶8} Appeals involving the right to possession fall under an exception to Civ.R. 54(B). *Skillman v. Browne*, 68 Ohio App.3d 615, 618-619 (6th Dist.1990), quoting *Cuyahoga Metro. Hous. Auth.*, 67 Ohio St.2d 129, 132 (1981). Because actions in forcible entry and detainer are special proceedings, a judgment giving present possession is immediately appealable even though all claims have not been adjudicated. *Id.* (citation omitted).

{¶9} Generally, appeals from final orders must be filed within thirty days from the entry of the order. App.R. 4(A). However, App.R. 4(B)(5), which applies to special proceedings, affords an exception to the thirty-day rule:

> If an appeal is permitted from a judgment or order entered in a case in which the trial court has not disposed of all claims as to all parties, other than a judgment or order entered under Civ.R. 54(B), a party may file a notice of appeal within thirty days of entry of the judgment or order appealed or the judgment or order that disposes of the remaining claims.

{¶10} Pursuant to App.R. 4(B)(5), a partial final judgment in a special proceeding, such as a judgment issuing a writ of restitution in a forcible entry and detainer action, may be appealed either thirty days from the partial final judgment or thirty days from the order that disposes of the remaining claims. *See In re H.F.*, 120 Ohio St.3d 499, 2008-Ohio-6810, ¶11, quoting *Grabill v. Worthington Indus., Inc.*, 91 Ohio App.3d 469, 473 (10th Dist.1993)("'[App.R. 4(B)(5)] is designed for situations such as an order affecting a substantial right made in a special proceeding[.]'"); *Skillman, supra,* at 619 (stating a proceeding for forcible entry and detainer is a special proceeding which affects a substantial right).

{¶11} A forcible entry and detainer action decides only the right to immediate possession of the property at issue. *Sheehe v. Demsey*, 8th Dist. Cuyahoga No. 99965,

5

2014-Ohio-305, ¶7 (citations omitted).  Because no further relief can be granted to the landowner, the action becomes moot once possession of the property has been restored to the landowner.  *Id.* (citation omitted).

{¶12} R.C. 1923.14(A) provides a means for a defendant to suspend a writ of restitution, preventing an appeal from becoming moot.  Pursuant to R.C. 1923.14(A),

> [i]f an appeal from the judgment of restitution is filed and if, following the filing of the appeal, a stay of execution is obtained and any required bond is filed with the court of common pleas, municipal court, or county court, the judge of that court immediately shall issue an order * * * commanding the delay of all further proceedings upon the execution.

In order to prevent the appeal from becoming moot, the evicted party, in addition to filing a timely appeal, must prevent ejectment through a stay filed in the trial court and pay any required bonds.  *See Sheehe, supra,* at ¶6, ¶7.  As reflected by the docket, appellants vacated the property on March 9, 2016, but did not request a stay of execution of the March 1, 2016 judgment, rendering an appeal from that judgment moot.

{¶13} The trial court in the present case determined liability and relief with regard to appellees' claim for forcible entry and detainer and recovery of money, but did not dispose of Richard Davet's counterclaim.  Because the counterclaim exceeds the jurisdictional monetary limit of the municipal court, the correct procedure was for the trial court to certify the case, or the counterclaim alone, to the court of common pleas.  *See* R.C. 1901.17; *Harding v. Lewis*, 8th Dist. Cuyahoga No. 93557, 2010-Ohio-4109, ¶34, citing Civ.R. 13(J) and R.C. 1901.22.  However, before certifying, the municipal court must determine whether the counterclaim satisfies the formalities of the civil rules and states a claim demonstrating the party is entitled to relief.  *Harding, supra*, at ¶35 (citation omitted).  Additionally, "'the municipal court is authorized to examine whether

6

the counterclaim states a claim exceeding its jurisdiction and is not required to certify cases to the common pleas court based *solely* upon the amount of the monetary demand in the counterclaim.'" *Id.*, quoting *Lewallen v. Mentor Lagoons, Inc.*, 85 Ohio App.3d 91, 95 (8th Dist.1993) (emphasis sic). The municipal court may find it necessary to receive evidence relating to a counterclaim prior to making a determination concerning certification. *Lewallen*, *supra*, at 96.

{¶14} Here, the trial court conducted a hearing, the nature of which is unclear from the record. Without a transcript, we cannot conclude that the trial court disposed of Richard Davet's counterclaim at this hearing. Furthermore, neither judgment entry addresses the disposition of the counterclaim. We therefore find this court does not have jurisdiction to entertain the appeal of the April 22, 2016 judgment entry or the corrected March 1, 2016 judgment entry.

{¶15} Appeal dismissed.


THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.


_____


DIANE V. GRENDELL, J., concurs in judgment only with a Concurring Opinion.

{¶16} I agree with the majority's conclusion that this appeal should be dismissed. I write separately, however, to emphasize the appropriate reasons for the dismissal.

7

**{¶17}** The majority accurately notes that, in relation to the March 1, 2016 Judgment, any issues raised on appeal as to the forcible entry and detainer would be moot, since the appellants have vacated the premises. However, in discussing both the March 1 and April 22, 2016 Judgments, it also states that "neither judgment entry addresses the disposition of the counterclaim" and "[w]e, therefore, find that this court does not have jurisdiction to entertain the appeal" from either judgment. This is an accurate conclusion as to the April 22 Judgment ordering damages on the second cause of action but not disposing of the counterclaim. As the opinion correctly states, not all claims were adjudicated and, thus, it cannot be final.

**{¶18}** The March 1, 2016 Judgment, however, ruled on the first cause of action for forcible entry and detainer, granting a writ of restitution. As this court has previously held, "appeals involving forcible entry and detainer/the right to possession fall under a specific exception to the requirement for the lower court to address all claims" pursuant to Civ.R. 54(B), and a judgment giving possession is "appealable even though all the causes of action have not been adjudicated." *Shelton v. Huff*, 11th Dist. Trumbull No. 2014-T-0020, 2014-Ohio-3871, ¶ 9, citing *Cuyahoga Metro. Housing Auth. v. Jackson*, 67 Ohio St.2d 129, 132, 423 N.E.2d 177 (1981); *Dover Elevator Co. v. Onapolis*, 11th Dist. Portage No. 96-P-0216, 1997 WL 286138, 3 (May 23, 1997) (a forcible entry and detainer action is a "special proceeding" and is a final appealable order). Thus, the issue relating to the pending counterclaim is irrelevant as to the March 1 Judgment, since it should not be dismissed for a lack of a final appealable order, regardless of the pending counterclaim.

8

**{¶19}** Dismissal of the March 1 Judgment would be proper on the ground that a timely appeal was not filed. The appeal from that Judgment was not filed within 30 days, as is required by App.R. 4(A)(1). Even when a second cause of action remains pending, "[t]he order granting restitution [is] a final and appealable order when issued" and must be appealed from within 30 days. *Rodger M. & Irene S. Work Inc. v. Abela*, 11th Dist. Portage No. 2015-P-0036, 2015-Ohio-3553, ¶ 7; *Oneida Props., Inc. v. Pickett*, 9th Dist. Summit No. 24626, 2009-Ohio-5165, ¶ 7 ("[a] judgment entry giving or denying a landlord possession of premises is final (and immediately appealable)") (citation omitted). This requirement is consistent with the "summary nature" of this type of proceeding. *See Shelton v. Huff*, 11th Dist. Trumbull No. 2012-T-0101, 2014-Ohio-1344, ¶ 20.

**{¶20}** The majority contends that, pursuant to App.R. 4(B)(5), it is permissible to wait until disposition of all claims prior to the filing of an appeal. App.R. 4(B)(5) should not be applied in forcible entry and detainer actions. The "summary nature" of this type of proceeding must be emphasized and any delays should be avoided. *See Shelton* at ¶ 20. In fact, courts have held that Civil Rules do not apply when they "would hinder the expeditious resolution of forcible entry and detainer actions, thereby defeating the underlying purpose behind these special proceedings." *Miele v. Ribovich*, 90 Ohio St.3d 439, 442, 739 N.E.2d 333 (2000), citing *Jackson*, 67 Ohio St.2d at 131-132, 423 N.E.2d 177. There is no reason why these principles of timeliness should not also apply to except forcible entry actions from App.R. 4(B)(5).

**{¶21}** This conclusion is consistent with other appellate courts' holdings. *See Swaney v. Syndicate Mgmt., Inc.*, 8th Dist. Cuyahoga No. 71422, 1997 WL 209223, 2

9

(Apr. 24, 1997) (the court could not consider the appeal as it related to forcible entry and detainer, since, although there had been pending counterclaims, a notice of appeal needed to be filed within 30 days of the eviction entry); *Oneida* at ¶ 7 ("[a] judgment entry giving or denying a landlord possession of premises is final (and immediately appealable)").  It is noteworthy that App.R. 4(B)(5) was not applied in these cases.

{¶22}  For these reasons, I concur in judgment only with the decision to dismiss the appeal.