[Cite as *Knop v. Davet* , 2017-Ohio-7456.]

# IN THE COURT OF APPEALS

# ELEVENTH APPELLATE DISTRICT

# GEAUGA COUNTY, OHIO

| | | |
|---|---|---|
| FRANCINE KNOP, et al., | : | **MEMORANDUM OPINION** |
| Plaintiffs-Appellees, | : | |
| - vs - | : | **CASE NO. 2017-G-0124** |
| RICHARD DAVET, et al., | : | |
| Defendants-Appellants. | : | |

Civil Appeal from the Chardon Municipal Court, Case No. 2016 CVG 129.

Judgment: Appeal dismissed.

*Casey P. O'Brien*, Petersen & Ibold, 401 South Street, Building 1-A, Chardon, OH 44024-1495 (For Plaintiffs-Appellees).

*Richard Davet & Lynn Davet*, pro se, P.O. Box 10092, Cleveland, OH 44110 (Defendants-Appellants).

TIMOTHY P. CANNON, J.

{¶1}   Appellants, Richard Davet and Lynn Davet, appeal the May 25, 2017 judgment of the Chardon Municipal Court.  Because Richard Davet's counterclaim is still pending in the trial court, the appeal is dismissed for lack of a final, appealable order.

{¶2}   On February 12, 2016, appellees, Francine Knop and William A. Knop, filed a complaint and affidavit in forcible entry and detainer and for recovery of money in the Chardon Municipal Court.  It alleged appellants were in unlawful possession of appellees' condominium and owed back rent, late fees, and damages.  Richard Davet

filed an answer to appellees' complaint on February 23, 2016. The answer also appeared to be filed on behalf of Lynn Davet, although her signature did not appear on the answer. Richard Davet also filed a counterclaim. He requested the matter be transferred to the common pleas court, because the counterclaim exceeded the jurisdictional monetary limit of the municipal court.

{¶3} After an eviction hearing on February 29, 2016, the trial court entered judgment on March 1, 2016, and granted restitution of the premises to appellees. Further, the March 1, 2016 entry stated: "It is also ordered that *Defendant's counterclaim* is dismissed for want of prosecution." (Emphasis added.) Appellants vacated the premises on March 9, 2016.

{¶4} On April 22, 2016, the trial court entered judgment on appellees' second cause of action for back rent, late fees, and damages. The trial court "ordered, adjudged, and decreed that judgment is rendered to the Plaintiffs against Defendants jointly and severally, in the amount of $3,042.02 plus interest at 3% per annum from April 11, 2016 and costs."

{¶5} Appellants appealed from the March 1 and April 22, 2016 judgments. On appeal, appellants argued, and appellees did not challenge, that Lynn Davet was dismissed as a defendant from the action. Because there was no indication from the record that she was dismissed, this court remanded the case to the trial court for the sole purpose of clarifying whether Lynn Davet was dismissed as a defendant in this matter.

{¶6} On October 14, 2016, the trial court entered judgment on the remand. That entry states: "The Defendant, Lynn Davet, was not dismissed from the action. Her

2

answer was dismissed for want of prosecution as she failed to appear at the hearing. *The original entry stated the counterclaim was dismissed, not answer, for want of prosecution.* A nunc pro tunc has been issued to correct the clerical error." (Emphasis added.) The nunc pro tunc entry correcting the trial court's March 1, 2016 judgment entry replaces the sentence, "It is also ordered that *Defendant's counterclaim* is dismissed for want of prosecution," with, "It is also ordered that *Defendant's, Lynn Davet, answer* is dismissed for want of prosecution." (Emphasis added.) As a result of the correction, there was no order disposing of Richard Davet's counterclaim.

{¶7} In our memorandum opinion issued on April 17, 2017, this court held the appeal of the trial court's judgment granting a writ of restitution was moot because appellants had vacated the premises without obtaining a stay. *See Knop v. Davet*, 11th Dist. Geauga No. 2016-G-0074, 2017-Ohio-1416, ¶6. We further held that, because Richard Davet's counterclaim had not been disposed of, we did not have jurisdiction to consider appellant's appeal from the trial court's April 22, 2016 judgment. *Id.* We therefore dismissed the appeal. *Id.* at ¶15.

{¶8} On May 24, 2017, appellants filed in the trial court a motion to transfer the case to the common pleas court. The trial court denied the motion on May 25, 2017. That judgment entry states: "After the trial court's review of the within case, there was a trial held on February 29, 2016 and a Judgment filed and journalized subsequently dismissing the Defendant's counterclaim for want of prosecution. Therefore, the Defendant's Motion to Transfer this Civil Action to the Common Pleas Court, Civil Division is hereby denied." Appellants appealed the May 25, 2017 judgment entry.

3

{¶9} The trial court's basis for the denial of appellants' motion to transfer is not supported by the record. The record does not reflect any entry at this time that disposes of the counterclaim. As a result of the nunc pro tunc entry "correcting" the March 1, 2016 judgment entry, Richard Davet's counterclaim is still pending.

{¶10} Under Article IV, Section 3(B)(2), of the Ohio Constitution, appellate courts have jurisdiction only to "affirm, modify, or reverse judgments or final orders of the courts of record inferior to the court of appeals within the district[.]" "[A]n order must be final before it can be reviewed by an appellate court. If an order is not final, then an appellate court has no jurisdiction." *Gen. Accident Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 20 (1989). "It is well-established that in a situation where there are multiple claims and/or parties involved, an entry that enters final judgment as to one or more but fewer than all the claims is not a final appealable order in the absence of Civ.R. 54(B) language stating that 'there is no just reason for delay[.]'" *Montello v. Ackerman*, 11th Dist. Lake No. 2009-L-111, 2009-Ohio-6383, ¶6 (citations omitted).

{¶11} In the present case, the trial court determined liability and relief with regard to appellees' claim for forcible entry and detainer and recovery of money but did not dispose of Richard Davet's counterclaim. Further, the trial court's April 22, 2016 judgment entry does not contain Civ.R. 54(B) language. Thus, the entry is not a final, appealable order, and we do not have jurisdiction to consider the appeal.

{¶12} As we previously stated in our memorandum opinion:

> Because the counterclaim exceeds the jurisdictional monetary limit of the municipal court, the correct procedure was for the trial court to certify the case, or the counterclaim alone, to the court of common pleas. *See* R.C. 1901.17; *Harding v. Lewis*, 8th Dist. Cuyahoga No. 93557, 2010-Ohio-4109, ¶34, citing Civ.R. 13(J) and R.C. 1901.22. However, before certifying, the municipal court must

4

determine whether the counterclaim satisfies the formalities of the civil rules and states a claim demonstrating the party is entitled to relief. *Harding, supra,* at ¶35 (citation omitted). Additionally, "'the municipal court is authorized to examine whether the counterclaim states a claim exceeding its jurisdiction   and is not required to certify cases to the common pleas court based *solely* upon the amount of the monetary demand in the counterclaim.'" *Id.*, quoting *Lewallen v. Mentor Lagoons, Inc.*, 85 Ohio App.3d 91, 95 (8th Dist. 1993) (emphasis sic). The municipal court may find it necessary to receive evidence relating to a counterclaim prior to making a determination concerning certification. *Lewallen, supra,* at 96.

Here, the trial court conducted a hearing [on February 29, 2016], the nature of which is unclear from the record. Without a transcript, we cannot conclude that the trial court disposed of Richard Davet's counterclaim at this hearing. Furthermore, neither judgment entry addresses the disposition of the counterclaim.

*Knop, supra,* at ¶13.

{¶13} It is not clear from this record whether the trial court has conducted any type of examination regarding the relative merits of the counterclaim. It must do so and either resolve the counterclaim or transfer it to the common pleas court.

{¶14} For the foregoing reasons, the appeal is dismissed for lack of a final, appealable order.

THOMAS R. WRIGHT, J., concurs,

DIANE V. GRENDELL, J., concurs in judgment only.

5