[Cite as *Acosta v. Rubalcava*, 2023-Ohio-1794.]

# IN THE COURT OF APPEALS OF OHIO
## ELEVENTH APPELLATE DISTRICT
## LAKE COUNTY

NANCI ACOSTA, et al.,

        Plaintiffs-Appellees,

- vs -

TANIA RUBALCAVA, et al.,

        Defendants-Appellants.

**CASE NOS. 2022-L-128**
       **2023-L-002**

Civil Appeals from the
Painesville Municipal Court

Trial Court No. 2022 CVG 01431

**O P I N I O N**

Decided: May 30, 2023
Judgment: Vacated and remanded

*David M. Leneghan* and *K. Scott Carter*, 4807 Rockside Road, Suite 240, Independence, OH 44131 (For Plaintiffs-Appellees).

*Zoe M. Suntheimer*, *Matthew Vincel*, and *Hazel Remesch*, The Legal Aid Society of Cleveland, 1223 West Sixth Street, Cleveland, OH 44113 (For Defendants-Appellants).

EUGENE A. LUCCI, J.

{¶1} In this consolidated appeal, appellants, Tania Rubalcava, et al., appeal the judgment of the Painesville Municipal Court granting relief for forcible entry and detainer on the complaint filed by appellees, Nanci Acosta, et al. We vacate the judgment and remand the matter for proceedings consistent with this court's opinion.

{¶2} On October 7, 2022, appellees filed their complaint for forcible entry and detainer and for rent/damages against appellants. The matter proceeded to hearing on October 27, 2022. After taking direct and some cross-examination testimony from

appellee-Nanci Acosta, the court paused the hearing and eventually continued the matter until November 10, 2022.

{¶3} In the meantime, appellants filed an answer and counterclaims. In the counterclaim, appellants sought declaratory judgment that a land installment contract was legitimately formed by the parties; appellants also claimed appellees engaged in fraud, and that their complaint, if successful, would result in unjust enrichment. On the second and third counterclaims, appellants sought damages that amounted to a total of $175,000, an amount that exceeds the monetary jurisdiction of the municipal court. In light of the request for relief, appellants moved the court to transfer the entirety of the matter to the court of common pleas. On November 4, 2022, the municipal court issued a judgment ordering the matter certified to the Lake County Court of Common Pleas. The municipal court, however, did not remove the matter formally and the scheduled hearing date of November 10 remained ostensibly in effect.

{¶4} Because the matter was not removed from the municipal court docket, appellants filed a motion for clarification of the November 4, 2022 judgment. Appellees subsequently filed a brief in opposition to appellants' motion to transfer. On November 10, 2022, the municipal court issued a judgment entry purporting to "void" its November 4, 2022 transfer order. The court then granted appellees until November 21, 2022 to file a motion to dismiss appellants' counterclaims and afforded appellants until November 28, 2022 to respond.

{¶5} Appellees filed their motion to dismiss and appellants' duly opposed the motion. The motion was not formally ruled upon. The municipal court, however, on December 6, 2022, granted appellees' complaint for forcible entry and detainer and

2

Case Nos. 2022-L-128 and 2023-L-002

ordered appellees restitution of the premises. The trial court indicated in the judgment entry that appellees' count alleging money damages remained pending.[1] Upon appellants' motion, the trial court stayed the judgment pending appeal. Appellants assign two errors for our review. They will be addressed out of order.

{¶6} Appellants' second assignment of error contends:

{¶7} "The trial court erred in adjudicating Plaintiffs/Appellees' forcible entry and detainer claim instead of transferring the case to the Lake County Court of Common Pleas after Defendants/Appellants asserted counterclaims that exceeded the monetary jurisdictional limit."

{¶8} Under this assignment of error, appellants argue the trial court erred in failing to certify the transfer of the action and/or vacating its original order to transfer in violation of R.C. 1901.22(E) and Civ.R. 13(J).

{¶9} R.C. 1901.22(E) provides, in pertinent part: "In any action in a municipal court in which the amount claimed by any defendant in any statement of counterclaim exceeds the jurisdictional amount, the judge shall certify the proceedings in the case to the court of common pleas * * *." "'The simple language of R.C.1901.22(E) * * * suggests that a municipal court has no choice but to certify or transfer a case where a counterclaim exceeds the applicable jurisdictional ceiling.'" *Thompson v. Hansford*, 9th Dist. Summit No. 29226, 2019-Ohio-2612, ¶ 10, quoting *State ex rel. Pennington v. Fiehrer*, 12th Dist. Butler No. CA93-08-167, 1993 WL 491631, *2 (Nov. 29,1993). Similarly, this court has

---

1. The judgment did not include Civ.R. 54(B) language. This court, however, has observed that "[a]ppeals involving the right to possession fall under an exception to Civ.R. 54(B)." *Knop v. Davet,* 11th Dist. Geauga No. 2016-G-0074, 2017-Ohio-1416, ¶ 8, citing *Skillman v. Browne*, 68 Ohio App.3d 615, 618-619, 589 N.E.2d 407 (6th Dist.1990). "Because actions in forcible entry and detainer are special proceedings, a judgment giving present possession is immediately appealable even though all claims have not been adjudicated." *Knop.*

3

Case Nos. 2022-L-128 and 2023-L-002

determined that "[a] logical interpretation" of Rule 13(J) "requires the entire case to be certified to the common pleas court." *State ex rel. Penn v. Swain*, 21 Ohio App.3d 119, 121, 486 N.E.2d 1187 (11th Dist.1984). *Cf. Knop* at ¶ 13 (Court can certify case, or the counterclaim alone, to court of common pleas.) This court, as well as the Eighth Appellate District has observed, however, that a municipal court does not have to certify cases to the common pleas court based only upon the amount stated in the request for relief but instead is "authorized to examine the new claims to determine whether they state authentic claims that exceed its monetary jurisdiction[.]" *State ex rel. El Turk v. Comstock*, 2018-Ohio-2125, 113 N.E.3d 1122, ¶ 6 (8th Dist.); *accord Knop v. Davet*, 11th Dist. Geauga No. 2016-G-0074, 2017-Ohio-1416, ¶ 13.

{¶10} It is necessary to underscore that the trial court did not issue a formal judgment vis-à-vis appellants' motion to dismiss and therefore did not specifically "determine" appellees' counterclaims were not "authentic." As such, the trial court did not articulate or ostensibly examine whether they met the formal requirements of the civil rules. *Thompson* at ¶ 10, citing *Hersch v. Debreczeni*, 33 Ohio App.2d 235, 238, 294 N.E.2d 918 (8th Dist.1973); *see also Easy Living, Inc. v. Davis*, 1st Dist. Hamilton No. C-840401, 1985 WL 6743, *1 (Apr. 17, 1985) (explaining that, because the counterclaim that "prayed for damages in excess of the monetary jurisdiction of the municipal court * * * met all the requisites of Rule 8(A)[,] * * * the trial court should have certified the action to the common pleas court.").

{¶11} Regardless of the trial court's failure to assess the "sufficiency" or "authenticity" of the counterclaims on record, a counterclaim may not be severable from a forcible entry and detainer action "if it is so interrelated as to require the issues all to be

4

heard together." *Isaiah's Wings, LLC v. McCourt*, 5th Dist. Knox No. 2005-CA-39, 2006-Ohio-3573, ¶ 6; *see also Thompson* at ¶ 11.

{¶12} Here, appellants' counterclaims requested a declaratory judgment that the contract into which the parties entered was a land installment contract and that, in the course of submitting their payments to appellees, they exceeded 20 percent of the ultimate purchase price. *See* R.C. 5313.07. In light of this allegation, they claim they were entitled to greater statutory protections than those afforded in a forcible entry and detainer action. Moreover, as a basis for their damages claims, they asserted appellants engaged in fraud and received unjust enrichment in the course of the parties' tenancy relationship.

{¶13} The counterclaims are fundamentally related to the forcible entry and detainer action. Severing the counterclaims would not only result in an inefficient waste of judicial resources, but could easily eventuate in inconsistent judicial rulings. Therefore, the forcible entry and detainer action and the counterclaim are so interrelated that they could not be decided separately. *See Isaiah's Wings, LLC* at ¶ 6; *see also New Asian Super Market v. Weng*, 2018-Ohio-1248, 100 N.E.3d 131, ¶ 19 (10th Dist.).

{¶14} We accordingly conclude that, in light of the interrelationship of the claims and because the counterclaim requested damages were in excess $15,000, the municipal court did not have jurisdiction over this action. *See* R.C. 1901.17. A judgment entered by a court which has no jurisdiction over the subject matter is void. *In re. Hards*, 175 Ohio App.3d 168, 2008-Ohio-630, ¶ 50, 885 N.E.2d 980 (11th Dist.); *see also M & T Constr. and Excavating, Inc. v. Koe-Krompecher*, 4th Dist. Gallia No. 91CA10, 1991 WL 261014, *1 (Dec. 3, 1991), citing *Patton v. Diemer*, 35 Ohio St.3d 68, 518 N.E.2d 941

Case Nos. 2022-L-128 and 2023-L-002

(1988), paragraph three of the syllabus. The judgment must therefore be vacated, and the trial court must enter an order transferring the matter to the court of common pleas.

{¶15} Appellants' second assignment of error has merit.

{¶16} Although appellants' second assignment of error is dispositive, in light of the specific and unusual procedural circumstances of the case might be capable of repetition, we shall address appellants' first assignment of error. It provides:

{¶17} "The trial court erred in granting restitution of the premises to the Plaintiffs/Appellees without permitting the Defendants/Appellants to submit evidence, refute the Plaintiffs/Appellees' evidence or raise any defenses to the forcible entry and detainer action."

{¶18} Under this assigned error, appellants assert the trial court denied them due process by not allowing them to defend the case and submit evidence in formal hearing. They also contend the trial court erred in proceeding to a final judgment granting appellees a writ of restitution of property without allowing them the opportunity to defend against the complaint in violation of R.C. 1923.061(A).

{¶19} Under the Due Process Clause of the Fourteenth Amendment to the United States Constitution and Article I, Section 16, of the Ohio Constitution, parties are entitled to reasonable notice of judicial proceedings and a reasonable opportunity to be heard. *Ohio Valley Radiology Assocs. Inc. v. Ohio Valley Hosp. Assn.,* 28 Ohio St.3d 118, 125, 502 N.E.2d 599 (1986), quoting *State ex rel. Allstate Ins. Co. v. Bowen,* 130 Ohio St. 347, 199 N.E. 355 (1936), paragraph five of the syllabus. "[T]he Supreme Court of the United States [has] held that '[a]n elementary and fundamental requirement of due process in any proceeding * * * is notice reasonably calculated, under all the

6

Case Nos. 2022-L-128 and 2023-L-002

circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections.'" *PHH Mtge. Corp. v. Prater,* 133 Ohio St.3d 91, 2012-Ohio-3931, 975 N.E.2d 1008, ¶ 9, quoting *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 314, 70 S.Ct. 652, 94 L.Ed. 865 (1950). Where there is a judicial deprivation of life, liberty, *or property*, a person is entitled to these basic and minimal due process rights. *See Central Trust Co., N.A. v. Jensen*, 67 Ohio St.3d 140, 142, 616 N.E.2d 873 (1993).

**{¶20}** The proceedings in this matter took an odd procedural course. The parties convened for a hearing on appellees' complaint. The hearing commenced and the attorneys for the parties gave opening statements, none of which constituted evidence. *See, e.g., Torres v. Concrete Designs, Inc.*, 2019-Ohio-1342, 134 N.E.3d 903. ¶ 18 (8th Dist.). In his opening, appellants' attorney represented the agreement into which the parties entered was a land installment contract for the purchase of the property. As such, he asserted appellants were entitled to additional statutory protections not required by forcible entry and detainer proceedings. Appellee-Nanci Acosta was sworn in and began to testify on direct. After her direct testimony, appellants' counsel began cross-examination. While doing so, defense counsel submitted several documentary exhibits. The record indicates, however, appellants' counsel did not complete his cross, but was instead interrupted by the trial judge, who stated:

**{¶21}** "All right. Let me see that document then I got other evictions to handle. So let me do that. I've got a docket that's starting to back up and I didn't know this was going to take as long as it is. So we're going to pause. * * *"

7

{¶22} Sometime later, the trial judge reconvened with the parties' attorneys and the court continued the case. Eventually, the matter was reset for November 10, 2022. On that date, however, it does not appear additional proceedings occurred. In fact, no additional evidence was ever taken and, on December 6, 2022, the trial court issued a summary entry granting a writ of restitution of the property to appellees.

{¶23} The foregoing demonstrates that appellants were denied, at the very least, their due process opportunity to be heard and defend against appellants' allegations in a formal hearing on the complaint for restitution of the premises.

{¶24} Nevertheless, appellees claim that appellants had ample opportunity to defend against their complaint and did so via their answer, defenses in their answer, and various motions. The vehicles identified by appellees might foreshadow, if not clearly set forth, the argumentation upon which appellants would eventually support their position. Arguments of counsel, however, are not evidence. *State ex rel. Cincinnati Enquirer v. Forsthoefe*, --- Ohio St.3d ----, 2022-Ohio-3580, --- N.E.3d ----, ¶ 15; *see also Reynolds v. Hazelberg*, 6th Dist. Erie No. E-98-082, 1999 WL 587627, *3 (Aug. 6, 1999), citing *State v. Palmer*, 80 Ohio St.3d 543, 562, 687 N.E.2d 685 (1997). When the court failed to reconvene and proceeded to judgment without a hearing, appellants were fundamentally denied their constitutional right to present evidentiary quality material in defense of appellees' complaint.

{¶25} Moreover, R.C. 1923.061 addresses "Defenses; counterclaim" in forcible entry and detainer actions. Subsection (A) provides: "Any defense in an action under this chapter may be asserted at trial." In this matter, appellants enlisted counsel to defend the action. Counsel vigorously defended appellants position via motion practice, and

8

appellants were prepared, with counsel, to proceed at trial to defend against appellees' complaint. While the "may" in the statute indicates a defendant in a forcible entry and detainer action has the "option" to defend against the allegations at trial, appellants actively demonstrated their unequivocal interest in defending their interests against appellees' claims. And, moreover, by asserting counterclaims to the complaint, appellants asserted a definite interest in not only defending and defeating appellees' claims but also an intention to vindicate rights they claim were violated by appellees' action. In sum, by failing to reconvene and allow appellants to mount their defense and potentially present additional evidence in support of their position(s), the trial court also violated appellants' statutory rights under R.C. 1923.061(A).

{¶26} Even if the second assignment of error did not dispose of this case, appellants' first assignment of error would have merit.

{¶27} For the reasons discussed in this opinion, the judgment of the Painesville Municipal Court is vacated. The matter is remanded for the municipal court to certify the matter to the Lake County Court of Common Pleas.


JOHN J. EKLUND, P.J.,

MARY JANE TRAPP, J.,

concur.

9

Case Nos. 2022-L-128 and 2023-L-002